102　449
f135　600

F. S. STARRY, Guardian, Appellant, v. GARRY TREAT, *et al.*

**Highway Establishment:** NOTICE. Under Code, section 936, requiring notice of hearing on a petition to establish a highway to be given to all owners of land in the proposed highway and abutting thereon, "as shown by the *transfer books*," where the *transfer books* show title in a decedent, notice need not be given to his heirs, though his death and the names of the heirs are shown by the county records.

*Appeal from Linn District Court.*—HON. GEORGE W. BURNHAM, Judge.

TUESDAY, MAY 25, 1897.

ALBERT STARRY died seized of certain real estate, leaving a widow, Emma J., and a daughter, Ethel A. Starry, a minor, to whom belonged the real estate,— one-third to the widow and two-thirds to the daughter. The estate was settled and the administrator discharged prior to January, 1892. January 29, 1892, a petition for the establishment of a public highway across the land referred to was filed with the auditor of Linn county. Regular proceedings were had, so that a commissioner reported in favor of the location of the highway; and the same was thereafter, by order of the board of supervisors, established. During the pendency of these proceedings no guardian had been appointed for the minor daughter, for whose benefit this suit is now brought by the plaintiff guardian, since appointed. After the death of Albert Starry the widow took charge of all the real estate, and leased the same, and and had general supervision of it, but without any appointment or express authority from the court. Notice of the time when the petition for the location of the highway would be acted upon was published as required by law, and served on the widow, who filed a claim for damages as owner of all the land left by her husband. No notice was served on the minor, nor on any one as representing her. The transfer books in the auditor's office showed Albert Starry as the owner of the lands in question, who, as we have said, was deceased. This action is to set aside the order of the board of supervisors establishing the highway, and the members of said board and the road supervisor of the road district are made parties defendant. The district court, upon the final submission of the cause, dismissed plaintiff's petition, and the plaintiff appealed.—*Affirmed.*

*Giffen & Voris* for appellant.

*Rothrock & Grimm* for appellees.

GRANGER, J.—The claim of appellant is that without a service of the notice on Ethel A. Starry, the minor, the board of supervisors was without jurisdiction to establish the highway. The following is section 936 of the Code: "Within twenty days after the day is fixed by the auditor as above provided, a notice shall be served on each owner or occupier of land lying in the proposed highway, or abutting thereon, as shown by the transfer books in the auditor's office, who resides in the county, in the manner provided for the service of original notice in actions at law; and such notice shall be published for four weeks in some newspaper printed in the county, if any such there be, which notice may be in the following form." The form of notice is in conformity to the requirements of the section, providing, among other things, that the names of the owners of land through which the proposed road is to pass shall be stated therein as they appear upon the transfer books of the auditor's office; and it will be noticed that the section, as quoted, requires the notice to be served on each owner of abutting property "as shown by the transfer books in the auditor's office." Such transfer books did not show Ethel A. Starry such an owner, but it is said they showed Albert Starry as the owner, and that the records in the clerk's office would show him deceased, and that a list of all his heirs and representatives are there recorded in the probate proceedings; and the argument is that because of this the owner should have been known and served. To us, the difficulty with the position is that it requires a service to be

made on one not contemplated by the statute. The service is to be made in all cases by publication, and a personal service is to be under certain conditions; that is, on an owner, who appears to be such by the transfer books, who resides in the county. If we can, by construction, make the law apply to one who by the records of the county can be known as an owner, why may we not so extend the operations of the statute as to require service on an owner who resides outside the county, if the records should disclose such a fact, and the place of residence? The statute, as it reads, is plain and unmistakable, and, if left undistorted by construction, may be intelligently followed, while, if we attempt to extend it to meet exceptional cases because it may easily be done, we may render such cases a good service at the expense of uncertainty and confusion in the general administration of the law. Prior to the present Code (1873), the only service in such cases was a substituted one, by posting notices, and under the law the roads, generally, in much of the state, were established. The Code continues a substituted service in all cases, by publication instead of posting, and adds a personal service under certain conditions. The right of condemnation could be justified alone on a service by publication, and hence the provision for personal service is founded in legislative discretion, and is a matter of right no further than it is granted. The question before us was considered, and, we think, determined, in *Wilson v. Hathaway*, 42 Iowa, 173. We reach this conclusion entirely independent of the facts as to the natural guardianship of the mother, or the tenancy in common of the mother and daughter. If the result is a hardship, it is the result of the law, which we are powerless to remedy. There is a claim that the proceeding is void for a neglect to personally serve the tenant who was occupying the land at the

time. That question does not arise on the record. It seems to be presented in this court in argument, for the first time.—AFFIRMED.