MARIA BERGER, Appellant, v. WILL TRACY, FRANK HEISTER and JOHN STREETS, Trustees in and for Brandon Township, Jackson County, Iowa, Appellees.

**Names:** IDÉM SONANS. The names " Mara " and " Maria " are neither *idem sonans* nor are they the equivalent of each other.

**Highways:** ESTABLISHMENT: NOTICE. In a proceeding to establish a highway the statutory notice required is to be served upon each owner along the proposed highway, as shown by the transfer books of the auditor's office, and it is not necessary to make any further search to ascertain the ownership, even though the transfer books refer to records in the recorder's office.

*Appeal from Jackson District Court.*— HON. D. V. JACKSON, Judge.

MONDAY, OCTOBER 21, 1907.

SUIT in equity to enjoin defendants from removing certain fences and opening a highway upon and over plaintiff's premises. Decree for defendants, and plaintiff appeals.— *Affirmed.*

*Thomas & Thomas,* for appellant.

*Myalt & Heide* and *W. C. Gregory,* and *William H. Palmer,* for appellees.

DEEMER, J.— The sole question in the case is the legality of an order of the board of supervisors of Jackson county establishing a highway over plaintiff's land. It is contended that no notice of the proceedings was served upon plaintiff, and that the order was void and of no effect. Code, section 1495, provides, in substance, that a notice shall be served upon each owner of land lying in the proposed road or abutting thereon, as shown by the transfer-books in the auditor's office, who resides within the county; and, if the owner does not reside in the county, then upon any person who is in the occupancy of the land. Plaintiff and her husband, Martin P. Berger, were in fact the owners of the land when the board of supervisors entered upon the proceedings for the establishment of the highway in question, and no notice was ever served upon plaintiff, who, with her husband, was in possession and occupancy of the land. Notice was served, however, upon Martin G. Berger, plaintiff's husband, and plaintiff knew of that fact. The transfer books in the auditor's office showed that Martin P. Berger was the grantee and owner of the land. And the index of the transfer book required to be kept by the auditor showed that Mara Berger was the grantee in the deed. The entry in the transfer books as to the description of the land referred to book 67, page 21, of the record of deeds in the recorder's office, and that record showed that plaintiff and her husband were the grantees of the land.

It will be observed that the notice is to be served upon the owners of land as shown by the transfer books in the auditor's office, and that notice was served upon Martin G.

1. NAMES: *idem sonans.*

Berger, who, according to the transfer book, was the owner. Even the index to this book did not show that plaintiff was the owner, unless we are prepared to hold that Mara Berger and Maria Berger are the same in fact and in law. But this is not true, even should we held that the rule of *idem sonans* applies to public records, which we do not do save for the purposes of argument. Mara Berger and Maria Berger are not *idem sonans,* neither is one name the equivalent of the other.

Code, sections 2927, 2928, provide, in substance, that the auditor shall keep a transfer book and an index book, which transfer book shall show the name of the grantee, the grantor, date of instrument, and description

2. HIGHWAYS: establishment: notice.

of land, and the index simply shows the name of the grantee with a reference to the page of the transfer book. To these the county auditor must go to find the names of the persons upon whom notice of the laying out of a highway shall be served. Neither the transfer nor the index book showed that plaintiff was the owner of the land, and notice was served upon Martin G. Berger, who was the owner of the land according to the transfer book in the auditor's office. But it is said that, as this book referred to the records in the recorder's office, the auditor should have gone to this record to discover who was the owner, and given notice accordingly. But the statute does not so require. Indeed, it makes the transfer book conclusive upon this matter, and we know of no reason why the auditor should go further. Notice by publication was given as required by law, and personal service was made upon Martin G. Berger, who, with his wife, was in possession of the land. He was the owner, as shown by the transfer books, and the board unquestionably had jurisdiction to make the order establishing the highway. Mara Berger comes as near being Martin

Berger as Maria Berger; but, were this not so, the transfer book, and not the index, is controlling. The highway was properly established, and the trial court was right in dismissing plaintiff's petition asking for an injunctional order restraining the opening thereof. None of the cases cited and relied upon by appellant are in point. Notice was served upon the proper person. *Wilson v. Hathaway,* 42 Iowa, 173;; *Starry v. Treat,* 102 Iowa, 449.

The decree is *affirmed.*