## CROSBY v. STATE.

### Opinion delivered January 10, 1910.

1. WITNESSES—INFANTS.—In the case of an infant under fourteen years there is no presumption that he is competent to testify as a witness; but if he appears to have sufficient natural intelligence and to have been so instructed as to comprehend the nature and effect of an oath, he should be admitted to testify, no matter what his age may be. (Page 158.)

2. SAME—DISCRETION OF COURT.—The question of the competency of an infant witness is left to the discretion of the trial judge, subject to review for clear abuse or manifest error. (Page 158.)

3. SAME—INFANTS—CAPACITY.—Where a witness ten years old testified that it was wrong to tell an untruth, and that he did not know what would be done to him if he did not tell the truth, it was error to permit him to testify without requiring a showing that he knew the danger and wickedness of false swearing or comprehended the obligation of an oath. (Page 158.)

4. EVIDENCE—CONFESSIONS. — Confessions voluntarily made by the accused were properly admitted in evidence. (Page 159.)

Appeal from Conway Circuit Court; *Hugh Basham,* Judge; reversed.

*Sellers & Sellers* and *Moose & Reid,* for appellant.

The indictment must allege the means and manner of the killing, and the State must prove every material allegation. 34 Ark. 263; 27 Ark. 496; 26 Ark. 323. The competency of witnesses under fourteen years of age must be made to appear by proper examination in the presence of the defendant. 25 Ark. 92; 10 Cal. 66. A fourteen year old boy who states that he knows that it is wrong to lie, but does not know what will be done with him if he does, has not the requisite capacity for a witness. 88 Ala. 181; 72 Ala. 191; 24 S. C. 185. The confession of appellant was improperly admitted as evidence. 84 Ala. 430; 12 Cyc. 466.

*Hal L. Norwood,* Attorney General, and *C. A. Cunningham,* Assistant, for appellee.

Will Howard was a competent witness. Greenl. on Ev. 367; Wharton, Ev., § 398; Phillips, Ev. 11; Rice, Ev. 289; 18 La. Ann. 342; 15 Mo. App. 86; 50 Ala. 164; 58 Mo. 204; 5 N. Y. S. 756; 31 Neb. 255. The capacity of a child to testify as a witness in a criminal case is left to the discretion of the judge and

jury.  19 La. Ann. 120; 28 *Id.* 328; 80 Md. 489; 77 Mo. 138; 102
Mo. 289; 107 Mo. 42; 132 Mo. 198; 8 N. M. 96; 33 N. Y. 991;
9 Ore. 479; 27 Tex. App. 289; 88 Wis. 180; 12 Tex. App. 127;
10 Col. 66.  The confession of appellant was properly admitted
in evidence.  42 Ark. 72; 69 Ark. 602; 110 Pa. St. 269; 14 Minn.
105; 37 N. Y. 303; 33 Miss. 347; 23 Ala. 28; 73 Ark. 497; 19
Ark. 156; 35 Ark. 35.  The remarks of the prosecuting attorney
were not prejudicial.  74 Ark. 256; *Id.* 491; 86 Ark. 607; 73
Ark. 458.

HART, J.  Will Crosby was indicted, tried and convicted in
the Conway Circuit Court for the crime of murder in the first
degree; and has duly prosecuted an appeal to this court.

The State relied for a conviction upon the confession of the
defendant and the testimony of Will Howard, a little negro boy
ten years old, who was a witness to the killing.  No evidence was
adduced in behalf of the defendant.  The killing occurred in
Conway County, Arkansas.  Both the deceased and the defend-
ant were colored, and both were boys.  The witnesses for the
State, except the sheriff, stated that the defendant was 16 or 17
years old.  The sheriff said he looked to be 21 or 22 years old.
The killing occurred in the night time, and the weapon used was
a cane hoe.  The views we will hereinafter express render it un-
necessary to make a detailed statement of the circumstances of
the killing.  It will be sufficient to say that the confession made
to the sheriff, together with the testimony of the boy Will How-
ard, if competent, was sufficient to warrant a verdict for murder
in the first degree.

Counsel for defendant object that the witness Will Howard
was incompetent on account of his tender years and his inability
to comprehend the nature and binding obligation of an oath.  The
examination made by the court is as follows:

"Q.  What is your name?  A.  William Howard.  Q.  Were
you sworn with the other witnesses a while ago?  A.  Yes, sir.
Q.  How old are you?  A.  Ten years old.  Q.  Do you know
what it means to be sworn?  A.  No, sir.  Q.  Do you know
what you mean when you hold up your hand and take the oath?
A.  Yes, sir.  Q:  What is it?  A.  Tell the truth.  Q.  If you was
not to tell the truth, what would be done to you?  A.  I don't
know, sir.  Q.  Would it be wrong?  A.  Yes, sir."

Whereupon the court held him to be a competent witness, and counsel for defendant saved exceptions to the ruling of the court.

In the case of *Warner* v. *State,* 25 Ark. 448, the court held that in criminal cases the common-law rule in relation to the competency of witnesses had not been changed by the Code. And in the case of *Flanagin* v. *State,* 25 Ark. 92, the rule is stated as follows: "As to children, there is no precise age within which they are absolutely excluded, or the presumption that they have not sufficient understanding. At the age of fourteen all persons are presumed to have common discretion and understanding, until the contrary appears; but under that age it is not presumed; hence inquiry should be made as to the degree of understanding which the child, offered as a witness, possesses; and if he appears to have sufficient natural intelligence, and to have been so instructed as to comprehend the nature and effect of an oath, he should be admitted to testify, no matter what his age may be." To the same effect, see 1 Grenleaf on Evidence (15th Ed.), § 367; Underhill on Criminal Evidence, § 205; Wharton's Criminal Evidence (8th Ed.), § § 366-8; Wigmore on Evidence, vol. 1, § 508, and vol. 3, § 1820.

It will be seen from the above authorities that under the age of fourteen there is no presumption of capacity, and inquiry will be made on that point. The question of his competency is left to the legal discretion of the trial judge, and, in the absence of clear abuse or manifest error, the judicial discretion is not reviewable.

In the present case we do not think the examination of the witness by the circuit judge was sufficiently comprehensive. The child must not only have intelligence enough to understand what he is called upon to testify about and the capacity to tell what he knows, but he must also have a due sense of the obligation of an oath, by which is meant, as we deduce from the authorities *supra,* that the promise to tell the truth must be made under "an immediate sense of the witness' responsibility to God, and with a conscientious sense of the wickedness of falsehood." See also Bouvier's Law Dictionary, p. 529.

In answer to a direct question the boy stated that it was wrong not to tell the truth, but also said that he did not know

what would be done to him if he did not tell the truth. The examination proceeded no further. He was not asked nor did he state anything from which it could be inferred that he had a sufficient sense of the danger and wickedness of false swearing, or that he comprehended and appreciated the sanctity and obligation of an oath.

Counsel for the defendant objected to the admission of the evidence of his statements as made to Sheriff Hervey and to George Brooks. The confession to Brooks was made while the defendant was in jail, and that to the sheriff was made at a later date in the jail yard. The record shows that both statements were voluntarily made; and the statements were properly admitted in evidence. *Hammons* v. *State,* 73 Ark. 495; *Youngblood* v. *State,* 35 Ark. 35, and cases cited.

We have carefully examined the instructions given by the court, and find them to be correct.

Counsel for defendants urge upon us as a ground for reversal certain remarks made by the prosecuting attorney in his argument to the jury, but this assignment of error will not likely occur on a new trial and need not be considered.

For the error in holding that the boy Will Howard was competent to testify under the examination as disclosed by the record, the judgment will be reversed, and the cause remanded for a new trial.

McCULLOCH, C. J. (dissenting). I dislike to record a dissent in a case involving human life, but it seems to me that the court, in holding the admission of the child's testimony to be reversible error, is not only making a mistake, but is taking a backward step in the law of evidence, which is a field in which there has been a more wholesome growth than in any other branch of the law. The test of the competency of children under the age of fourteen, as witnesses in criminal cases, is that they must be found on examination "to have sufficient natural intelligence, and to have been so instructed as to comprehend the nature and effect of an oath." *Flanagin* v. *State,* 25 Ark. 92. This must be left largely to the sound discretion of the trial judge, who has an opportunity to see the child and judge of the degree of intelligence which it possesses. An appellate court should not disturb the trial court's exercise of this discretion unless it clearly

appears to have been abused. I understand this to be the rule universally followed by all appellate courts.

In the present case the learned trial judge vouched for the competency of the child's testimony by his finding as to the latter's intelligence and understanding of the nature of an oath, and there is nothing in the record to show that the finding was erroneous. The child in his examination declared his belief that an oath meant to tell the truth, and that it is wrong not to do so. The court heard these declarations, and observed from the appearance of the child not only its degree of intelligence but the sincerity with which they were made. We ought, therefore, to accept the finding of the trial judge, and in failing to do so we discard his exercise of discretion, when no abuse appears. It is true, the child said he did not know what would be done to him if he failed to tell the truth. Whether he understood the question to refer to future punishment or to that to be immediately inflicted by the court for perjury, we do not know, but doubtless the trial judge understood what the child meant.

The authorities on this question are collected in a note to the case of *State* v. *Meyer* (135 Ia. 597), in 14 Am. & Eng. Ann. Cas., p. 1, and I think that, according to the great weight of authority, both English and American, the majority has reached the wrong conclusion in reversing the judgment on this point. I understand the effect of the decision to be that, before we can sustain the ruling of a trial court in admitting the testimony of a child, the record must affirmatively show that the child took the oath under an immediate sense of responsibility to God. In other words, that his answers must affirmatively show that he has an intelligent conception of his responsibility to God and takes the oath under a sense of that responsibility. This is in conflict with the decision of this court in *Flanagin* v. *State, supra,* where the test is declared to be sufficient intelligence and a capacity to comprehend the nature and effect of an oath. I think this is the only test approved by the great weight of authority.

It seems to me that the court falls into error in holding that the record must affirmatively show the capacity of the child. In *Wheeler* v. *United States,* 159 U. S. 523, Judge Brewer, speaking for the court on the admissibility of the testimony of a child witness, said: "This depends on the capacity and intelligence of

the child, his appreciation of the difference between truth and falsehood, as well as of his. duty to tell the former. The decision of this question rests primarily with the trial judge, who sees the proposed witness, notices his manner, his apparent possession or lack of intelligence, and may resort to any examination which will tend to disclose his capacity and intelligence as well as his understanding of the obligations of an oath. As many of these matters cannot be photographed into the record, the decision of the trial judge will not be disturbed on review unless from that which is preserved it is clear that it was erroneous. * * * So far as can be judged from the. not very extended examination which is found in the record, the boy was intelligent, understood the difference between truth and falsehood, and the consequences of telling the latter, and also what was required by the oath which he had taken. At any rate, the contrary does not appear."

The best and most concise statement of the rule, and one fully sustained by the authorities, is found in *State* v. *Reddington,* 7 So. Dak. 368, as follows: "No witness, whether child or adult, is required to be able or willing to discuss with the court or counsel either the fact or condition of a future state. He may even have no established views of general theology. He is only required to be able to distinguish the moral difference between right and wrong; and, when the law or the court says he must understand the obligation of an oath, it means only that, possessing such ability to discriminate, he understands that his position as a witness imposes upon him the moral and legal duty to tell only what is true. Whether a witness is so qualified is left in the first instance to the discretionary judgment of the trial court, after informing itself by proper examination."

The Kentucky Court of Appeals, in a very recent case, in passing on the ruling of a trial court as to the testimony of a child, said: "His evidence was clear, and showed mental capacity, understanding and memory sufficient to qualify him. It appears that he was conscious that the oath bound him to speak the truth, and he knew the difference between telling the truth and telling a lie. It did not disqualify him as a witness that he was not able to define the legal obligation of an oath. Whether his religious training had been so developed that he compre-

hended his responsibility to God for lying was not made clear, nor was it material as affecting his competency." *Bright* v. *Com.,* 120 Ky. 298.

The same court in an earlier case said: "The intelligence of the witness is the true test of competency, and that must be determined by the court, while the weight to be given to the evidence is for the jury. A child may be ignorant of 'God' and of the evil of lying and of the punishment prescribed therefor, both here and hereafter, and yet have sufficient intelligence to truthfully narrate facts to which its attention is directed." *White* v. *Com.,* 96 Ky. 180.

The Pennsylvania court, in a case of this kind, said: "It seems to us that the crude and shadowy beliefs of small children concerning God and the hereafter are so uncertain that the tests, based upon religious instruction, even though given by the trial judge himself, are of little or no moment, and should rather be discarded than followed in this enlightened age. The whole purpose of the trial is to ascertain the truth, and the oath is in pursuance of that object. If the witness understands that this is demanded and that punishment will follow its violation, it is sufficient. It is the substance, instead of the form, that is required; and if we secure this, there would seem to be little benefit in pursuing the shadow. A witness may easily show intelligence and understanding, without being asked each perfunctory question."

The evidence in the present case shows that the defendant is guilty of the horrible crime of which he was convicted. The testimony of the child witness was heard by the trial judge, who pronounced him of sufficient natural intelligence and of sufficient capacity to comprehend the nature and effect of an oath. The trial was a fair one, and the record is, I think, free from error, and the judgment should be affirmed.