## PENNY v. STATE.

### Opinion delivered October 6, 1913.

1. WITNESS—INFANT—COMPETENCY.—Evidence held sufficient to show that a child of nine years possessed the necessary qualifications of a witness, and it was not error to permit him to testify. (Page 345.)

2. LARCENY—FINDING LOST ARTICLE—GUILTY MIND.—Where the finder of a lost article has the immediate means whereby he could have ascertained who was the owner thereof, and takes possession of the article with intent to appropriate it to his own use and deprive the owner of his property, he is guilty of larceny. (Page 345.)

Appeal from Greene Circuit Court; *J. F. Gautney*, Judge; affirmed.

*S. R. Simpson*, for appellant.

1. The court erred in permitting the child, Leslie Penny, to testify without first showing his qualification to testify. 93 Ark. 156.

2. The evidence does not sustain the verdict. 93 Ark. 479; *Id.* 482.

*Wm. L. Moose,* Attorney General, and *Jno. P. Streepey,* Assistant, for appellee.

Leslie Penny was properly qualified as a witness. 93 Ark. 156.

McCULLOCH, C. J. Appellant was convicted of the crime of grand larceny, the charge being that he found a lost pocketbook containing the sum of $22 in money, which was the property of one Elmer Walker, and feloniously appropriated it to his own use, with intent to deprive the owner thereof.

Elmer Walker is a school teacher, and lost his pocketbook, containing the amount of money mentioned above, while going along the road to the country schoolhouse where he was engaged in teaching. He didn't miss the pocketbook until some time later in the day.

The State introduced as a witness the son of appellant, a child about nine years old, who testified that his father found a pocketbook of the same description as the one that Walker lost, and that it contained money. He testified that he and his father were going along the road on a load of wood, and that his father got down and picked up a pocketbook and put it in his pocket. He said to his father at the time, "I'll bet it's Elmer Walker's; he lost it." The witness did not know at that time that Elmer Walker had lost his pocketbook, but came to that conclusion from the fact that he had seen Walker pass along the road that morning a short time before his father found the pocketbook, and had seen no one else on the road that morning. The child testified that afterward his father told him that the thing he had found and picked up was not a pocketbook, but a stub of a checkbook which he said belonged to a man in the neighborhood by the name of Cotton. It is proved that Cotton did not lose the stub of a checkbook. Appellant stated to other parties that the checkbook belonged to one Clifton; and Clifton also testified that he had not lost such a book.

Appellant did not introduce any testimony or offer to testify in his own behalf.

The principal contention on behalf of appellant is that the court erred in permitting the child to testify, who was only about nine years old. The case of *Crosby* v. *State,* 93 Ark. 156, is relied on to sustain the contention.

When the child was called upon the witness stand and asked preliminary questions, he began to cry, and the court interposed and sent the child from the room and proceeded with the examination of other witnesses. Later the child was called, and the court very carefully and patiently subjected him to an examination as to his education, degree of intelligence, and other matters necessary to qualify him as a witness. We are of the opinion that the examination does not bring the witness within the rule of disqualification laid down by this court in the Crosby case, *supra.* It is unnecessary to quote at length the questions propounded to the child or his answers thereto, and it is sufficient to say that in our opinion the examination shows that the child possessed the necessary qualifications of a witness as defined by the court in the case above referred to.

The law applicable to this case has been laid down by this court in the recent case of *Brewer* v. *State,* 93 Ark. 479, and the trial court accurately followed the law as stated by the court in that opinion. The law is stated there as follows (quoting the syllabus):

"If the finder of lost articles neither knows nor has any means of ascertaining the owner, and appropriates them to his own use, he is not guilty of larceny, whatever may be his intent at the time; if he does know, or has the immediate means of ascertaining, who the owner is, there must be a felonious intent to steal at the time of the taking, in order to constitute larceny."

The proof is sufficient to establish the fact that Walker lost a pocketbook containing the money, and that it was found by appellant in the public road, and appropriated to his own use. The proof is also sufficient to show that there were at hand immediate means of ascertaining who the owner was. The child jumped at the

conclusion that the book had been lost by Walker, and so told his father at the time he picked it up. Of course, he didn't know that it was Walker's money, but the conclusion reached was the correct one, and it afforded the finder of the pocketbook immediate means whereby he could have ascertained who was the owner. If appellant, as the finder of the pocketbook, had himself known that Walker was the only person who had recently passed along that way, and for that reason he thought that it was the property of Walker, that would have been sufficient to furnish him with knowledge as to who the owner was, so as to make him guilty of larceny if he undertook to appropriate the property to his own use. So, his receiving that information from one who was possessed of those facts, and had reason to believe that it was Walker's pocketbook, rendered him guilty of larceny if he took it in his possession with intent to appropriate it to his own use, and deprive the owner thereof of his property.

Our conclusion is that there was enough testimony to establish all the elements of the crime of larceny, and that the conviction of appellant was not without evidence legally sufficient to sustain it. It follows, therefore, that the judgment must be affirmed, and it is so ordered.