Opinion delivered July 2, 1928.

*Cobb & Cobb,* for appellant.

*H. W. Applegate,* Attorney General, and *Walter L. Pope,* Assistant, for appellee.

McHANEY, J. Appellant was indicted, tried, convicted and sentenced to three years in the penitentiary on a charge of carnal abuse committed on the person of Thelma Anderson, a girl eleven years of age.

His first assignment of error for a reversal of the case is that the court erred in permitting the prosecut-

ing attorney to ask this little girl leading questions regarding the commission of the offense. It is not an abuse of discretion for the trial court to permit the prosecuting attorney to ask leading questions to the young and inexperienced or ignorant. *Murray* v. *State*, 151 Ark. 331, 236 S. W. 617. No abuse of discretion was shown in this particular case, as the questions the witness was required to answer were of a very delicate and embarrassing nature, and she was not only young, but ignorant and inexperienced.

The next assignment of error is that the evidence is insufficient to support the verdict. The testimony of Thelma Anderson, the prosecuting witness, was of itself sufficient to sustain the verdict, *Wilson* v. *State*, *ante*, p. 885, but in addition to her testimony was the positive testimony of two eye-witnesses, or persons who claimed to be eye-witnesses, to different acts of intercourse, and this was sufficient to take the question of the guilt or innocence of appellant to the jury.

The final assignment of error is that the prosecuting attorney made an improper statement in his closing argument to the jury. The following statement was objected to: ''They all take them out of very poor homes, where the mother is out working for a living. I am unable to express my contempt for that thing; the evidence shows that he took her out of a poor home while her mother was out at work, and ruined her.'' On objection being made to the above argument, the court said: ''The jury will understand they will consider only the evidence in the case; it is all right for the prosecuting attorney to call to their attention the seriousness of the crime and the importance of proper deliberation by the jury; I think the argument in that respect is all right; the jury will know, in determining the guilt or innocence of the defendant, they will be governed solely by the evidence in the case.'' Thereupon counsel for appellant said: ''I object to both the argument and the remarks of the court.'' There does not appear to have been any ruling upon the last objection, nor any excep-

tion; but, even conceding that the effect of the above is that, the court overruled the objection and appellant excepted, still we do not think the argument open to the objection made by counsel. While there may not be any direct evidence in the record that she came out of a poor home while her mother was out at work, and ruined her, the jury was able to observe from her appearance and that of her mother and father, who were witnesses in the case, whether she was from a poor home or not. We are of the opinion that the remarks of the court in passing on the objection were proper, as the prosecuting attorney had the right to call the attention of the jury to the seriousness of the crime with which appellant was charged, and that is all the court meant and all the jury could have understood from what the court said. The court did not assume that a grievous crime had been committed, but that one had been charged, and that appellant was being tried therefor. It did not amount to an expression of an opinion on the evidence. The court did not say that appellant had committed a grievous crime, but the effect of what he said was that appellant was charged with such a crime, and that the prosecuting attorney had the right to discuss it. *Adams* v. *State,* 176 Ark. 916, 5 S. W. (2d) 946.

Judgment affirmed.