DeVoe *v.* State.

Crim. 4012

Opinion delivered October 19, 1936.

*Floyd Terral,* for appellant.

*Carl E. Bailey,* Attorney General, and *Guy E. Williams,* Assistant, for appellee.

Mehaffy, J. Appellant was convicted of assault with intent to rape, and his punishment fixed at twelve years in the penitentiary. This appeal is prosecuted to reverse that judgment.

Mae Chaney was eight years old, in the 3-B grade at school, and testified that she knew right from wrong, and she knew, if she did not tell the truth, she would go to the bad man. The appellant's attorney stated, before the witness had been examined at all, that he objected, because he did not think she was qualified. The prosecuting attorney thereupon stated that he would ask her questions showing her qualifications, and when the

prosecuting attorney was through with the examination appellant's attorney again said that he objected because he did not think the witness was sufficiently qualified. The court thereupon said: "You want to ask her any questions?" He answered, "Yes, sir." The court told him to proceed. Then appellant's attorney examined her at length as to her competency, and when he finished with his examination he did not suggest that she was not qualified, made no objection at all, and the prosecuting attorney proceeded with the examination of the witness, and after he had closed appellant's attorney then examined her at length and at no time suggested that she was not qualified.

This witness testified that the appellant put his hands between her legs, and then testified as to his conduct in attempting to rape her, and testified that shortly after the occurrence she reported to her mother and stated that she hurt in her private parts, and her mother immediately carried her to a doctor. The physicians who examined her testified that she had gonorrhea, and immediately thereafter the physicians examined the appellant in jail and testified that he had gonorrhea.

It would serve no useful purpose to set out the entire testimony. We think there was ample evidence to submit to the jury the question of whether appellant attempted to rape the little girl.

As to her competency, it may be said, first, that her competency was peculiarly within the trial court's discretion, and the trial court's ruling on the question will not be disturbed unless there was a gross abuse of discretion. Underhill Criminal Evidence, § 337; *Guthrie* v. *State,* 188 Ark. 1081, 70 S. W. (2d) 39; *Durham* v. *State,* 179 Ark. 507, 16 S. W. (2d) 991. In this last case the court said, speaking of the witness: "She was six years old, and stated that she had been to Sunday School, where she was taught that if she told a lie she would go to the bad man." She also stated that if she told a story she would be sent to the jail house. She was small for her age, but intelligent looking. The court held that she was competent, and she was permitted to testify. The witness

in the present case was eight years old, appeared to be intelligent, to understand what was meant by an oath, and she testified intelligently. See *Yother* v. *State,* 167 Ark. 492, 268 S. W. 861; *Payne* v. *State,* 177 Ark. 413, 6 S. W. (2d) 832; *Crawford* v. *State,* 132 Ark. 518, 201 S. W. 784.

We are of the opinion that the trial court did not abuse its discretion in permitting the witness to testify.

It is next urged that the court erred in giving the following instruction: "You are instructed as a matter of law that a child of tender years, under the age of ten years, is incapable of giving her consent to sexual intercourse, and it would not be necessary for the state to prove that it was against the will of the prosecuting witness."

Before giving this instruction the court had instructed the jury at length, and the instructions given by the court, except this one, are not complained about, and this one was given evidently for the purpose of explaining that where a child was of tender years, not capable of giving her consent, the state would not have to prove that it was against her will. The court had told the jury in the other instructions that the act must be forceably and against the will of the female, and evidently the only purpose in the court giving this instruction was to explain that in a child of tender years it was not necessary to show that it was against her will. The court said: "Gentlemen of the jury, the instruction which I gave you used the words, 'forceably and against the will of the female, or without her consent.'" Then follows the instruction above quoted. We do not think there was any error in giving this instruction.

We find no error, and the judgment is affirmed.