Reynolds *v.* State.

4680                                     246 S. W. 2d 724

Opinion delivered March 10, 1952.

*W. H. Glover* and *J. C. Cole,* for appellant.

*Ike Murry,* Attorney General, and *Dowell Anders,* Assistant Attorney General, for appellee.

HOLT, J. On information charging the crime of rape, a jury convicted Frank Reynolds (appellant) of an assault with intent to rape, and fixed his punishment at a term of three years in the State Penitentiary. From the judgment is this appeal.

Thirty-seven assignments of alleged errors were set out in appellant's motion for a new trial.

## —I—

1, 2, and 3 challenge the sufficiency of the evidence. We hold, however, that the testimony was ample to support the jury's verdict. We do not attempt to detail it here because of its sordid and revolting nature, but only enough to point out its substantial force and effect. It suffices to say that the testimony shows that appellant had or undertook to have carnal knowledge of the victim of his lust, a nine-year-old girl, forcibly and against her will. This little girl testified positively that appellant did assault and ravish her while she was spending the night at the home of Harve and Ruth Oaks, that appellant and two other men slept in an adjoining room to that where she and Billy Oaks, the nine-year-old son of the Oaks, were sleeping, that during the night appellant got in her bed and with force and against her will ravished her. Billy corroborated this testimony.

Mrs. Oaks testified that the following day the victim was sick and spent most of the day in bed, that she complained of pain in the region of her pelvis, of a burning sensation, that she examined her and found she "was raw looking, irritated and swollen."

Dr. Barrier examined her and found evidence that she had been criminally assaulted and later "I had a smear run for gonorrhea" and "we found a positive infection of gonorrhea."

The evidence must be viewed in the light most favorable to the State and as indicated, was ample. *Martin v. State,* 206 Ark. 151, 174 S. W. 2d 242, and *Gerlach v. State,* 217 Ark. 102, 229 S. W. 2d 37.

—II—

Assignment 4 alleges error in permitting State's counsel to ask the victim and the little boy (Billy Oaks) leading questions regarding the commission of the offense. We find no error here. We have many times announced the rule that it is not error to allow leading questions of the young, inexperienced or ignorant, and that a wide discretion is allowed the trial court in the conduct of the examination. *Begley v. State,* 180 Ark. 267, 31 S. W. 2d 172, and *Wallace v. State,* 177 Ark. 892, 9 S. W. 2d 21.

—III—

Assignment 5 (which appellant does not argue) questions the admissibility of certain testimony of the little girl on redirect examination bearing on her identification of appellant, as being new matter. We find no merit in this assignment. She had testified on direct examination that she had known appellant "since I was real little, before I started to school." We find no evidence that his identity was ever questioned.

—IV—

Assignments 6, 7, 8 and 9, in which appellant questioned the action of the court in permitting the prosecutrix and Billy (both 9 years of age) to testify, are un-

tenable. We think both met the test announced in *Hudson* v. *State*, 207 Ark. 18, 179 S. W. 2d 165, approving what we held in *Crosby* v. *State*, 93 Ark. 156, 124 S. W. 781, to the effect that the child "must not only have intelligence enough to understand what he is called upon to testify about and the capacity to tell what he knows, but he must also have a due sense of the obligation of an oath." (207 Ark. 18, 179 S. W. 2d 167.)

The rule is well established that this is a matter largely within the sound discretion of the trial judge. We said in the recent case of *Needham* v. *State*, 215 Ark. 935, 224 S. W. 2d 785: "It is argued that the prosecutrix, at the age of eight, is not shown to have been a competent witness. This too is a matter that is primarily for trial court to decide, since he is best able to judge the child's intelligence and understanding of the necessity for telling the truth. Wigmore on Evidence, § 507. In criminal cases we have approved the trial court's action in allowing children as young as this prosecutrix to testify. *De Voe* v. *State*, 193 Ark. 3, 97 S. W. 2d 75; *Hudson* v. *State*, 207 Ark. 18, 179 S. W. 2d 165." See, also, *Penny* v. *State*, 109 Ark. 343, 159 S. W. 1127.

—V—

Appellant, (again without any supporting argument) in assignment 10, says that there was error in excluding the cross-examination of witness, Ruth Oaks, relative to the drinking habits of Helen Rowe, mother of the prosecutrix. The record reflects: "Q. Does she drink beer,—Mrs. Rowe? A. Yes sir. Q. Does she ever drink to excess, to where she passes out or gets drunk? A. Well, now, I don't know whether she would or not. * * * THE COURT: I am going to sustain the objection in that it is not relevant."

We cannot see how the beer drinking of Mrs. Rowe would tend to prove, or disprove the guilt of appellant.

No prejudice to appellant's rights resulted in the circumstances.

—VI—

Again (without supporting argument) appellant questioned certain testimony of Dr. Barrier in assignments 11, 12 and 16, bearing on the possibility of penetration of the victim by appellant. This testimony was brought out on redirect examination, after a special examination of appellant by Dr. Barrier, during the interim following his direct examination, bearing on penetration. Appellant contends also that there was error in allowing State's counsel to ask Dr. Barrier: "I believe, doctor—you gave an explanation just now if you wanted to know positively if a man had gonorrhea what kind of examination you would give him." Upon timely objection, this question was not answered and counsel for the State withdrew it. We hold all of these assignments to be without merit and that no prejudice to appellant's rights appears.

—VII—

Assignment 13 alleged error in permitting the Sheriff to testify as to the "position" in the house of the bed in which the prosecutrix was sleeping, without showing that it was in the same position when the crime was committed. We fail to see how any prejudice to appellant could have resulted. Ruth Oaks had previously testified, without objection, as to the location of this bed and her testimony was similar to the Sheriff's. She testified: "Q. Mrs. Oaks, I believe you testified on cross-examination that you and Harve slept in the front room? * * * Q. The three men slept in the middle room? * * * Q. And that the two children slept in the dining room? A. That's right. * * * A. The dining room is across from where the three men slept. * * * Q. And two windows on the side of the room the children slept in? A. That's right. * * * Q. And where was the bed that the two children slept in? A. Over by those two windows over there."

—VIII—

Assignment 14 alleged: "The court erred in allowing witness Harve Oaks to testify that his wife and the defendant (appellant) had not had any trouble, when the

witness did not know, over the objections and exceptions of the defendant.''

The specific question was: ''Do you know whether or not your wife and this Mr. Reynolds here ever had any trouble of any kind?'' Objection was made and overruled. However, it appears that the witness never answered the question and we think no prejudice to appellant's rights could have resulted.

—IX—

As to assignments 15 and 17. Assignment 15 alleged that the court erred in refusing the request of the appellant to allow witness, Dr. Peoples, to demonstrate to the jury the test he made of appellant's person to determine if a smear could be obtained, and in assignment 17, that the court erred in refusing the motion of the defendant to have the person of the appellant examined and tests run by State's witness, Dr. Barrier. Both assignments are without merit. Dr. Barrier and Dr. Kersh, on behalf of the State, testified, in effect, that there was no way of determining whether or not the appellant had gonorrhea on August 20 if he had had sufficient medical attention since that time. Further, it was possible that appellant could have had a contagious case of gonorrhea on August 20 and that it wouldn't show today (date of trial) under any kind of examination.

—X—

Assignment 18 alleged: ''The court erred in not requiring the State to make a fair opening argument over the objections and exceptions of the defendant.'' This assignment is also without merit. The record reveals: ''Whereupon, at the close of Mr. Cash's final argument, Mr. Glover made the following objection: MR. GLOVER: The defendant at this time objects to further procedure by reason of the fact that the Deputy Prosecuting Attorney, Edwin Cash, used approximately 25 minutes of time, leaving one hour and five minutes, which is not a fair opening statement. THE COURT: Overruled. MR. GLOVER: Save my exceptions.''

It was not claimed or shown that in the opening argument, Attorney, Cash, did not cover the whole case, or all points in issue, so as to give appellant's counsel an opportunity for reply. "The subjects and range, as well as the length, of the argument of counsel, must necessarily be left to the sound discretion of the presiding judge. And, unless grossly abused to the prejudice of a party, is not the subject of review here." *Ford* v. *The State,* 34 Ark. 649, and in *Dobbins, et al.* v. *Oswalt, Ex.,* 20 Ark. 619, this court said: "Whilst the right of argument is not to be denied to counsel, the regulation of the length of time to be occupied in discussion, and the determination of the legitimate questions for argument must necessarily be left to the sound legal discretion and discrimination of the presiding judge." No abuse of discretion is shown here.

—XI—

Assignments 19, 20 and 21, challenged certain remarks of State's Attorney during final argument. It appears that appellant's step-daughter, at the instance of the Prosecuting Attorney had been placed in jail, but the record is silent as to the reason. In his closing argument, the Prosecuting Attorney began by stating that he wanted to explain why he caused her to be put in jail, and at this point, the record reflects the following: "Mr. Cole: We want to object to that argument and ask you to admonish the jury not to consider it and admonish the Prosecutor not to get out of the record any more. Mr. Glover: (one of appellant's counsel) Your Honor, the only thing that could have invited this was the testimony of the State Police down there when Mr. McCoy asked him, he said, 'We didn't mistreat them,' and I made an argument to the jury, said it was mistreatment, and I'm sorry to have caused all this commotion about that. I object to further argument. * * * The Court: Go on with your argument. Mr. Cole: Save our exceptions to the Court's refusal to rule on the argument." The record does not reflect that State's attorney made any further comment on the matter.

In assignment 20, appellant contends that the Prosecuting Attorney used improper and prejudicial argument to the jury. The language used was as follows: "Gentlemen of the jury, I tell you, you have got a duty to perform this night. Gentlemen, it's hard. It's a terrible thing that any man should have to discharge it, but, gentlemen, it's either that or strip the statue of liberty down, tear away the American flag, and let them go where they will." Our rule is that we do "not reverse for the mere expression of opinion of counsel in their argument before juries, unless so flagrant as to arouse passion and prejudice, made for that purpose, and necessarily having that effect." (*Adams* v. *State,* 176 Ark. 916, 5 S. W. 2d 946.)

We do not think the jurors, who are required by law to be of good character, approved integrity, sound judgment and of reasonable information, could possibly have been prejudiced against appellant by the above language which, in effect, was but the expression of counsel's opinion. *Spier* v. *State,* 157 Ark. 283, 248 S. W. 281.

Assignment 21 alleged that the court erred in permitting the Prosecuting Attorney to argue that if appellant's sexual organ was as large as he claimed, he should have shown it to the jury. Appellant objected to this statement in this language: "Your Honor, I want to object to that last argument for the reason that we insisted on at least three occasions that the jury have an opportunity to see it. The Court: Objection overruled. Go on with the argument. Mr. Cole: Save our exceptions."

Appellant now argues that the above statement was contrary to the evidence and, in effect, a prejudicial comment on the fact that he (appellant) did not testify. There was positive evidence by appellant's own witness, Dr. Peoples, on direct examination, that he examined appellant's sexual organ, and testified as to its length, diameter, and gave other detailed measurements. With the above evidence before the jury at appellant's instance, we can see no possible prejudice to appellant, in the circumstances.

"It has long been the established doctrine in this state that a wide range of discretion is allowed circuit judges in dealing with arguments of counsel before juries; this because they can best determine at the time the effect of unwarranted arguments. True, this discretion is not an arbitrary one, but may be reviewed in its exercise if abused. *K. C. S. Ry. Co.* v. *Murphy,* 74 Ark. 256, 85 S. W. 428; *Cravens* v. *State,* 95 Ark. 321, 128 S. W. 1037; *McGraw* v. *State,* 184 Ark. 342, 42 S. W. 2d 373; *Shank* v. *State,* 189 Ark. 243, 72 S. W. 2d 519." *Crow* v. *State,* 190 Ark. 222, 79 S. W. 2d 75.

—XII—

The remaining assignments (none argued by appellant) question certain instructions given to the jury, and others requested by appellant which the court refused to give. We think no useful purpose could be served in discussing these assignments separately. It suffices to say that we have carefully reviewed all and find no error.

The judgment is affirmed.