STATE of Missouri, Respondent,

v.

Arthur CHAPMAN, Appellant.

No. 49625.

Supreme Court of Missouri,

Division No. 2.

March 11, 1963.

No attorney for appellant.

Thomas F. Eagleton, Atty. Gen., James W. Steele, Sp. Asst. Atty. Gen., Jefferson City, for respondent.

STOCKARD, Commissioner.

Defendant Arthur Chapman has appealed from the judgment of the Circuit Court of Texas County whereby he was found guilty of stealing a motor vehicle and sentenced to confinement for two years in the penitentiary. He has filed no brief in this court. The sufficiency of the evidence is not challenged, and the statement of the facts may be brief.

On Sunday, March 11, 1962, at 5:30 o'clock in the afternoon Donald Ellis parked his father's 1957 Plymouth automobile in front of his home in Cabool, Missouri. The next morning the automobile was gone, and

no one, including defendant, had been given permission to use it. At 4:30 o'clock on the morning of March 14, a police officer of the City of Rolla saw the Ellis automobile being driven by defendant near the bus station. Defendant drove into a parking area, left the automobile and entered the station. When the police officer learned by radio from police headquarters that the automobile had been stolen he examined it and found therein a hypodermic needle and two bottles of narcotics in a satchel, and he also found some articles of clothing which had defendant's name written on them. Defendant was apprehended about three hours later. At the trial he did not testify or offer any testimony.

Defendant filed no motion for new trial denominated as such, but after verdict he filed a "Motion to Modify Judgment" which the trial court considered to constitute a motion for new trial, and so shall we. In the motion defendant requested that the trial court "modify the verdict of said jury" because the court denied his motion that he be granted an eye examination, and because it "denied an application * * * for subpoena of defense witnesses to be heard on the trial."

■ The trial was held on May 21, 1962. On April 6, 1962, defendant, acting pro se, filed a motion in which he stated that he was charged with "violation of Missouri Auto Theft Statute" and that he elected to act as his own defense counsel. He then alleged that he was "lawfully and Constitutionally entitled to call and have witnesses in his behalf and to have the assistance and protection of [the] court guaranteeing such right," that he "suffers from an incurable eye depth perception affliction with other allied causation which in itself is bonifide evidence refuting aforesaid State's charge of theft of a motor vehicle and driving same many miles guided by artificial lighting," and that he "possesses no monies or other worldly possessions with which to procure an eye examination by a qualified specialist." He then requested that the

trial court "order that he be given a thorough examination by an eye specialist skilled in eye diseases at aforesaid Respondent's [State of Missouri] expense and that a report therefrom be filed in evidence in this Court." On May 14, after "informal discussion in open court between defendant and Court," the trial court appointed counsel, a member of the Texas County bar, to represent defendant. The transcript shows no ruling on the motion filed pro se on April 6. When defendant's trial commenced on May 21 he announced ready, and at no time during the trial did he make any further request for a physical examination at either his or the State's expense. The failure to seek a ruling on his motion and the announcement of ready for trial could properly be considered as an abandonment of the motion. However, whether or not the motion was in fact abandoned, no prejudicial error resulted.

■ "A request by accused [when incarcerated] that he be permitted to undergo a physical examination so it may be used as evidence at the trial is addressed to the sound discretion of the court, and in the exercise of discretion such an examination may be permitted or denied." 23 C.J.S. Criminal Law § 967, p. 872. See Browder v. Commonwealth, 136 Ky. 45, 123 S.W. 328, where the request was granted; People v. Crump, 5 Ill.2d 251, 125 N.E.2d 615, 52 A.L.R.2d 834, and Reynolds v. State, 220 Ark. 188, 246 S.W.2d 724, where the request was properly denied; and Morton and Ashcraft v. State, 207 Ark. 704, 182 S.W. 2d 675, where it was held error to deny the request. However, in none of these cases was the requested physical examination to have been at the expense of the State. The right of the defendant to an examination by a specialist at the expense of the State would depend upon either a statute or rule granting such right or that it was essential to due process of law. We have no such statute or rule in this State, and such an examination at the expense of the State, at least under the circumstances shown in this case, certainly is not essential to the mini-

mum requirements of due process under either the Missouri or United States Constitution.

On May 14, 1962, defendant filed what he denominated an "Application for Subpoena" which in its entirety was as follows:

"Arthur Chapman, Defendant in the above cause, requests the appearance of below described witnesses on a day set certain for purpose of identification, on the ground that testimony thereof is vital, material, and necessary to the defense:

"One and all Employees of the Greyhound Bus Depot located at Rolla, Missouri who were present, on duty, or otherwise within or on the confines of said Bus Depot between the inclusive hours of 12:30 A.M. and 5:00 A.M. on the inclusive days of March 13 and 14, 1962. True names of said witnesses to Defendant is unknown."

It is not clear from the above application whether defendant sought to have the employees of the bus station made available to him before trial for identification of them by him or of him by them, or whether he wanted them present at the trial. The transcript reveals no ruling on the application. Seven days later the case went to trial before a jury, defendant and his counsel announced ready for trial, defendant offered no testimony and made no request for time to obtain witnesses and entered no objection that the persons purportedly described in the application were not present and available for his use as witnesses.

█ Section 18(a) of Article I, Constitution of Missouri, V.A.M.S. and Supreme Court Rule 25.15, V.A.M.R., expressly provide that in criminal prosecutions the accused shall have the right to have process to compel the attendance of witnesses in his behalf, and this right should be carefully guarded and protected by the courts. However, a vaguely worded application of equivocal meaning such as we have here, not specifically ruled on and not pursued when adequate time and opportunity to do so existed, cannot after verdict form the basis for prejudicial error when defendant announced ready for trial and then proceeded throughout the trial with no request for the attendance of any witness and made no offer of proof as to what would be the expected testimony of any desired witness.

We have examined the record as required by Supreme Court Rules 28.02 and 28.08, V.A.M.R., and find it sufficient as to those matters therein specified.

The judgment is affirmed.

BOHLING and BARRETT, CC., concur.

PER CURIAM.

The foregoing opinion by STOCKARD, C., is adopted as the opinion of the Court.

All of the Judges concur.