HOLLAND *v.* STATE.

375 S. W. 2d 234

Opinion delivered February 10, 1964.

*Carl Stewart, Mark Woolsey, John Wm. Murphy* and *Hubert L. Burch,* for appellant.

*Bruce Bennett,* Attorney General, by *Beryl Anthony, Jr.,* Asst. Atty. Gen., for appellee.

Ed. F. McFaddin, Associate Justice. Appellant Ray Holland was charged, tried, and convicted of the offense of carnal abuse (Ark. Stat. Ann. § 41-3406 [1947]), and brings this appeal. The motion for new trial contains fourteen assignments, which we group and discuss in suitable topics.

I. *Grouping Of Counts.* On March 4, 1963, there were two informations filed against the appellant, both charging him with carnal abuse of Linda Kay Holland, a female under the age of 16 years. Information No. 1 contained two counts: one count charged that the offense of carnal abuse was committed by the defendant against the named prosecutrix "on or about the 15th day of November, A.D. 1962"; and the other count charged that the crime of carnal abuse was committed by the defendant against the named prosecutrix "on or about the 18th day of November, 1962." Information No. 2 contained one count and charged that the offense of carnal abuse was committed by the defendant against the named prosecutrix "on or about December 24, 1962." On May 29, 1963, the defendant was brought to trial, and the record reflects, ". . . both sides having agreed that the three counts could be consolidated for trial in one proceeding." At the beginning of the trial the defendant moved that the three acts charged be considered as one offense, ". . . since they all charge the commission of the same felony, to-wit, carnal abuse against the same person, to-wit, Linda Kay Holland, and the time element being from the 15th of November, 1962, through December 24, 1962. Therefore, there could only be one trial and one conviction upon them." The Trial Court overruled the said motion and held that each count charged a separate offense. When the prosecuting witness was asked the dates of the acts she could not give the calendar dates, and then the defendant's counsel again insisted that there was only one offense.

We find no injury done to the appellant in the Court's ruling on this point. The fact that a 14-year-old girl could not remember the calendar dates when she

was abused does not destroy the fact that she was abused on three separate occasions. She fixed the dates by reference to other matters and clearly testified that there were three separate offenses. The jury found the defendant guilty on each count and fixed his punishment at eight years imprisonment on each count; and the Court directed that the sentences should run concurrently; so the defendant will only have to serve the length of one sentence.

II. *Sufficiency Of The Evidence.* The prosecuting witness was 14 years of age at the time of the trial. Before she was permitted to testify the Court examined her to see if she understood the nature and effect of an oath, and ruled that she was a competent witness. We find no error committed by the Court in such ruling. *Crosby* v. *State,* 93 Ark. 156, 124 S. W. 781, 137 A.S.R. 80; *DeVoe* v. *State,* 193 Ark. 3, 97 S. W. 2d 75; *Reynolds* v. *State,* 220 Ark. 188, 246 S. W. 2d 724.

The prosecuting witness testified that on the three occasions the defendant came to her room at night while she was in bed, reached his hand under the cover, rubbed her breasts and private parts, and inserted his finger in her vagina; and on one such occasion he attempted to use his male organ. A doctor examined the little girl and testified that her hymen was ruptured, and that the insertion of a finger into her vagina could have caused the rupture. We have repeatedly held that in carnal abuse cases the prosecuting witness is not an accomplice and her testimony does not have to be corroborated; and her testimony, standing alone, is sufficient to support a conviction. See *Hawkins* v. *State,* 223 Ark. 519, 267 S. W. 2d 1, and cases therein cited.

If the defendant did what the little girl testified that he did, then he was guilty of carnal abuse. Such was directly held in *Watt* v. *State,* 222 Ark. 483, 261 S. W. 2d 544. The testimony of the little girl was stoutly disputed by appellant, and he was corroborated on many points by other witnesses; but it was for the jury to decide the factual issues. Our duty is to ascertain whether there

was sufficient substantial evidence to support the verdict; and the testimony of the little girl constituted such evidence.

III. *Errors Claimed To Have Been Committed By The Trial Court.* In his brief the appellant quotes, in extenso, some of the proceedings in the Trial Court, and claims error; but the appellant's motion for new trial is not sufficiently definite to present such matters to us. Here are some of the assignments in the motion for new trial:

"6. Because of improper examination of the prosecuting witness.

"9. Because the Court erred in permitting hearsay evidence.

"12. Because of improper statements made by the Prosecuting Attorney.

"13. Because the record herein reflects and shows that the defendant did not receive a fair and impartial trial as provided by the Constitution of the United States and by the Constitution of the State of Arkansas."

These assignments—and they are typical of some others in the motion for new trial—are not sufficiently definite to present any matter to us. *Payne* v. *State,* 224 Ark. 309, 272 S. W. 2d 829. In *Lomax* v. *State,* 165 Ark. 386, 264 S. W. 823, in discussing the indefinite nature of the assignments in the motion for new trial, we said:

"This court has frequently held that a motion for a new trial on the ground that the court erred in admitting evidence on the part of the defendant, without naming the witnesses or pointing out the evidence, is too general, and does not present any question for review on appeal. *Edmonds* v. *State,* 34 Ark. 720; *Western Union Tel. Co.* v. *Duke,* 108 Ark. 8, and cases cited; and *Black* v. *Hogsett,* 145 Ark. 178."

In *Armstrong* v. *State,* 171 Ark. 1136, 287 S. W. 590, we said of indefinite motions for new trial:

"These assignments are too general to properly raise the question as to the admissibility of the testimony pointed out in the exceptions made during the progress of the trial. *Lomax* v. *State,* 165 Ark. 386. It is not essential that the assignments in a motion for new trial be specific as to the grounds upon which the exceptions were based, but they must be sufficient to identify the particular witness and the testimony to which the assignment is directed. An assignment as general in its nature as those set forth in the motion for a new trial now before us does not apprise the trial court of the errors sought to be reviewed, and gives the court no opportunity to correct its errors, hence there can be no review here."

IV. *Other Assignments.* We have carefully examined all the other assignments contained in the motion for new trial and we find no reversible error committed by the Trial Court and assigned in the motion for new trial.

Affirmed.