## MCVAY *v.* STATE.

### Opinion delivered July 15, 1912.

1. COURTS—POWER TO ADJOURN.—Under Kirby's Digest, § 1531, providing that special adjourned sessions of any court may be held in continuation of the regular term upon its being so ordered by the court or judge in term time and entered by the clerk on the record of the court," *held* that a circuit court may adjourn to a fixed date beyond the regular term of court in another county in the same circuit, and such adjournment did not operate as a discharge of the regular juries, grand and petit, nor of a petit jury already impanelled in a particular case. (Page 631.)

2. TRIAL—ABSENCE OF JUDGE IN CAPITAL CASE—PREJUDICE.—The fact that the judge, during the argument of counsel at the trial of a capital case, absented himself from the court room for a few minutes was not prejudicial error where it is affirmatively shown that no misconduct occurred during such absence, and where defendant's counsel consented that the trial should proceed in the judge's absence. (Page 632.)

Appeal from Jefferson Circuit Court; *Antonio B. Grace,* Judge; affirmed.

*J. L. Shaw, Coleman & ‛ Gantt* and *Bradshaw, Rhoton & Helm,* for appellant.

1. The court erred in not dismissing the jury on appellant's motion. 82 Ark. 188.

2. Under the indictment, appellant could not have been legally convicted unless he himself fired the fatal shot. It was not sufficient to enable him to prepare his defense, in that it did not set out the nature and circumstances of the offense and the facts constituting the offense, nor did it advise him that in the trial the State would rely upon proof that another person or persons did the killing, and that appellant was guilty simply by virtue of the fact that he stood by aiding and abetting, or was present and ready and consenting to aid and abet. Section 1563, Kirby's Digest, does not apply to accessories before the fact. 37 Ark. 274; 41 Ark. 173; 55 Ark. 593; 96 Ark. 58. See also, 5 Ark. 230; Joyce on Indictments, 525, § 428; Wharton on Homicide (3 ed.) (Bowlby) 56, § 46; 58 Ark. 47; 10 Enc. Pl. & Pr. 156; 53 Pac. 709; 84 Ky. 229.

3. The act of the trial judge in leaving the court room while the argument was in progress and in remaining away entirely out of sight and hearing of the proceedings for a quarter of an hour or more was reversible error. 71 Ark. 102, 114; 88 Ark. 62, 68; 72 Ark. 320, 322; 39 Ark. 254; 42 Ark. 126; 97 Ark. 137, 142; 41 L. R. A. (Miss.) 569, 570.

*Hal L. Norwood,* Attorney General, and *William H. Rector,* Assistant, for appellee.

1. The adjournment of a court, properly opened and organized at a regular term, over to a day beyond the time for opening and holding a regular term in another county of the same circuit, does not operate to lapse the term of court begun in the first county, but the reconvening of the court at the time stated in the order of adjournment is but a continuation of the term. 32 Ark. 278; 38 Ark. 449; 48 Ark. 227; 57 Ark. 1; 65 Ark. 404; 82 Ark. 188; 97 Mass. 214; 61 Ga. 182.

2. Where, with the knowledge and consent of counsel for a defendant being tried on a criminal charge, the trial judge absents himself for a short time from the court room, and the

defendant voluntarily proceeds in the trial, the act of the judge in leaving the court room is not within itself reversible error, but it must be shown that some act occurred during the absence of the judge prejudicial to the rights of the defendant. 97 Ark. 137; 89 N. W. (Ia.) 1083, and cases cited; 112 N. W. 784; 47 So. (Ala.) 37; 48 Ind. 470; 135 S. W. (Tex.) 562; 19 Ill. App. 125; 58 Ga. 35; 81 Ga. 301; 92 Ga. 65; 1 Mo. App. 179. See also, 105 Ia. 677; 41 L. R. A. 569; 26 Col. 542; 95 S. W. (Tex.) 1037; 117 S. W. (Tex.) 156; 41 N. Y. 504.

McCulloch, C. J. Defendant, John McVay, was indicted by the grand jury of Jefferson County for the crime of murder in the first degree, charging the killing of J. W. Ethridge.

The trial of the cause resulted in a verdict of guilty as charged, and judgment was duly rendered fixing the death penalty.

The motion for new trial contains forty-nine assignments of error, but we need only discuss the few assignments relied on here in the brief and in oral argument of defendant's counsel. The others have, however, been examined by the court, and none is found to be sufficient to call for the reversal of the judgment.

The case was set for trial Monday, February 5, 1912, and on that day defendant waived arraignment and entered a plea of not guilty, and selection and impaneling of the jury to try the case was begun. This consumed four days, and on the completion of the jury the court ordered an adjournment over to February 26, 1912, the jury being placed in the charge of an officer and ordered to be kept together. During the period of the adjournment, a regular term of the circuit court of Lincoln County, one of the counties in the same judicial circuit, and presided over by the same judge was held and completed. When the court reconvened on February 26, 1912, according to adjournment, the defendant moved for a discharge of the panel and for the impaneling of a new jury on the ground that the jury originally impaneled became *functus officio* on account of the holding of said circuit court of Lincoln County. The court overruled the motion, and the trial proceeded, over defendant's objection, before said jury.

The contention of the defendant, stating it in the language of his counsel, is that "the convening of the court in

Lincoln County terminated the service and function of the jury which had been impaneled in this case," upon the theory that "a jury can not be a jury without the court or without the court being in session."

Counsel rely on the case of *Roberts & Schaeffer Co.* v. *Jones,* 88 Ark. 188. But the court merely held in that case that, to extend the session of a term of the circuit court in one county beyond the regular term of court of another county in the same circuit, an order of adjournment to a fixed date must be made by the court, otherwise the term lapsed upon the convening of the court in the other county.

The statutes of this State provide that "special adjourned sessions of any court may be held in continuation of the regular term, upon its being so ordered by the court or judge in term time, and entered by the clerk on the record of the court." Kirby's Digest, § 1531. This statute confers authority to adjourn to a day beyond the intervening term of court in another county in the same circuit. *Galbreath* v. *Mitchell,* 32 Ark. 278; *Vaughan* v. *State,* 57 Ark. 1; *Roberts & Schaeffer Co.* v. *Jones, supra.*

When the court reconvened, it did not begin a new term, but that constituted a continuation of the old. *Davies* v. *State,* 39 Ark. 448. The court stood as originally organized, and the adjournment over to a certain day did not operate as a discharge of the regular juries, grand and petit, nor of a jury impaneled in a particular case. *Commonwealth* v. *Bannon,* 97 Mass. 214. If the court had the power to order an adjournment over to another day, that necessarily carried with it the power to retain the entire organization as constituted at the time of the adjournment. This does not conflict with the rule established by decisions of this court that two circuit courts can not be held at the same time in the same circuit when there is only one regular judge to preside. Retaining an impaneled jury does not amount to an attempt to keep the court in session, nor is it correct to say, as contended by counsel, that a jury can not be retained without the court remaining in session continuously from day to day. The court could, in the exercise of its discretion, have permitted the jury to separate during the period of adjournment (Kirby's Digest, § 2390), and the fact that the court ordered the jury

to be kept together did not affect its power to retain the jury during the period of adjournment. Retaining the impaneled jury and keeping the jurors together did not amount to a continuation of the court's proceedings during the period of adjournment. It is not shown that the jurors were exposed to any contaminating influence during the period of adjournment, nor that anything occurred which might have operated to defendant's prejudice. We are, therefore, of the opinion that this assignment can not be sustained.

The assignment of error which gives us most serious concern is the one that the trial judge absented himself from the court room during the argument of the case to the jury. The record recites that during the argument of one of the attorneys for the State the presiding judge left the bench and called a member of the bar, not interested in the trial, to formally preside during his absence, and that he left the court room (a portion of the time out of the courthouse), and remained out of sight or hearing for a period of ten or fifteen minutes; that during the absence of the judge said attorney for the State concluded his argument, and one of the defendant's attorneys commenced his argument to the jury. The record further recites that, when the trial judge left the bench and descended to the floor of the court room for the purpose of leaving, he approached one of defendant's attorneys and said, "I want to leave the court room for a few minutes; will there be any objection or exception because of my absence?" to which the attorney replied, "No, that will be all right; go ahead;" that just after the judge left the room he met another of defendant's attorneys in the corridor about sixty feet from the court room door, informed the latter that he was absent with the consent of the other attorney, and the reply was: "That is all right."

It is affirmatively shown that nothing actually prejudicial to defendant's rights occurred during the absence of the judge. Does the absence of the trial judge under those circumstances vitiate the entire proceedings and call for a reversal of the judgment? In Stokes v. State, 71 Ark. 112, it was held to be reversible error for the judge in the trial of a criminal case to leave the court room without suspending the trial, whether his absence resulted in actual prejudice to the rights of the

defendant or not. The controlling difference between that case and this one is, that in the present case the absence of the judge was expressly consented to by defendant's counsel. The doctrine of the Stokes case has been approved by two later decisions of this court, namely, *Skaggs* v. *State*, 88 Ark. 62, and *Kruse* v. *St. Louis, I. M. &. S. Ry. Co.*, 97 Ark. 137. We feel no disposition to overrule the Stokes case nor to impair the force of the rule there announced, but that does not mean that we should extend it so as to give it a purely technical effect.

In *Kruse* v. *St. Louis, I. M. &. S. Ry. Co. supra,* a civil case, we held that a party, whose attorney proceeded with his argument to the jury during the temporary absence of the judge could not thereafter complain unless he could show that his adversary was, during such absence of the judge, guilty of some improper conduct to his prejudice; that the voluntary act of counsel in proceeding with the argument in the absence of the judge amounted to consent. That, as we have said, was a civil case. But why should not the same rule prevail in a criminal case—capital or otherwise—if the things done during the absence of the judge are those which may, by express agreement, be waived or dispensed with altogether? In all three of the cases cited above we held, in effect, that the absence of the judge caused a suspension of the proceedings, legally speaking, for the reason that there could not be a court in the absence of the judge, its presiding genius.

In the Kruse case, which is the last one on the subject, we said:

"During the absence of the trial judge there is really no legal trial in progress, and neither party is compelled to proceed; but if one of the parties does so, he can not complain unless his adversary takes advantage of the absence of the judge to commit some act in the presence of the jury which operates to his prejudice."

It necessarily follows that, as to any step in the progress of a trial which is essential to a valid judgment, the court must be legally in session, otherwise the whole proceeding is invalid; but any step which may, by consent, be dispensed with altogether may also, by consent, be taken during the temporary absence of the judge. There are some rights accorded by law that even the defendant in a capital case may waive.

*Meisenheimer* v. *State*, 73 Ark. 407; *Powell* v. *State*, 74 Ark. 355. The argument of counsel may be waived altogether; and if the parties agree to the absence of the judge during the argument, and elect to proceed during such absence, they can not complain, for the result is the same as if they had waived the right to argue the case, or had by consent proceeded to argue the case during a recess ordered by the court. In the Stokes case there was no consent for the judge to absent himself, nor did counsel for the accused voluntarily proceed with the argument during the absence of the judge. At most, the accused and his counsel only acquiesced by silence or by failing to object to the judge's absence from the room. We think a distinction can easily be seen between affirmative consent and acquiescence by silence, if mere silence of the accused can be treated as acquiescence in a step in the progress of his trial. He has a right to the presence of the judge at every step of his trial, including the argument to the jury, so that he may enjoy the protection of the court against the slightest invasion of his rights by any improper remark or arguments of his adversaries, and so that he may not be burdened with proving some misconduct which occurred in the absence of the judge whereby his rights were prejudiced. But he can, by express agreement, waive the presence of the judge, where steps are to be taken which he might have dispensed with altogether and consent that progress may be made, to that extent in the absence of the judge. He does not thereby waive his right to complain of misconduct which operates to his prejudice during the absence of the judge. The Stokes case is fairly illustrative of the point we now make. There the judge absented himself without the consent of the accused. One of the attorneys for the State made a grossly improper reference in his argument which was prejudicial to the accused, and the judge on his return attempted to remove the prejudice by excluding the reference of the attorney, by severely reprimanding him and by admonishing the jury not to consider the remark. But the accused was entitled to have the judge present when the remarks were made so that he could decide to what extent prejudice resulted, and whether the prejudice could be removed. The accused had, in other words, been deprived, without his consent, of the substantial right of the court's immediate

presence and protection. Here we have a case where the accused elected to waive that protection and consented that the argument might proceed in the absence of the judge. We can perceive no sound reason why the judgment should under those circumstances be reversed, no misconduct during the absence of the judge being shown, and the entire record being otherwise free of prejudicial error or irregularity. To do so would be to extend the wholesome rule laid down in the Stokes case to an absurdity.

Learned counsel for the defendant insist that the record does not properly show any consent by either of the attorneys to the departure of the judge from the court room. They contend that the record discloses merely a whispered agreement between the judge and one of the attorneys, which was not known to the others, and that, under the method provided by our statute for preserving exceptions, the defendant had no means of contradicting the certificate of the judge, no one else having heard it and the attorney himself not being a bystander within the meaning of the statute which authorizes an exception to be preserved by the certificate of bystanders. We do not agree, however, that the record shows merely a whispered agreement between the judge and the attorney. The judge left the bench in the presence of all persons in the court room and openly approached the attorney, and the conversation followed. Whether it was in a whisper or undertone the record does not show. We can not say that the consent was manifested in such a way that defendant is deprived of his opportunity to show to the contrary. A trial judge, in the absence of a showing to the contrary, is presumed to be impartial, and we must assume that the learned judge who presided at the trial of this case put an impartial statement in the bill of exceptions showing what actually occurred.

We deem it proper, in this connection, to say that no reflection should be cast upon the able counsel who appear on behalf of the defendant for attempting to take advantage of the absence of the judge, even though they consented to it. Notwithstanding the consent given, they had the right, and it was within the line of duty to their client, to test, by an appeal to this court, the question of law whether the defendant could, through the act of either of them, give such consent.

The practice of a trial judge leaving the bench during the progress of the trial, even with the express consent of counsel on both sides, is not to be commended.   Those who stand in the presence of a court should never be permitted to forget that the administration of the law is a thing which must command at every moment the utmost respect of all, and nothing detracts more from the solemnity of the occasion or the dignity of the law's machinery than for the judge to leave the bench and substitute some person who, however learned in the law, is entirely without legal authority to act.   Then, again, the judge should be present, so that everything which transpires is under his immediate direction and control, and so that unseemly controversies can not arise as to what actually occurred.

Our conclusion in the present case is that the defendant has been in no wise prejudiced in his rights, and that he has been convicted of the highest of crimes by a jury upon testimony which is legally sufficient to sustain the verdict.   The judgment of the circuit court is therefore affirmed.

HART and KIRBY, JJ., dissent.