HINSON v. STATE.

Opinion delivered March 11, 1918.

1.  TRIAL—OPINION OF JUDGE AS TO MATTER OF FACT.—It is error for the trial judge to give the jury his opinion upon any question of fact, although he admonishes the jury to disregard his opinion.

2.  TRIAL—MISCONDUCT OF TRIAL JUDGE—CRIMINAL CASE—COMMUNICATION WITH JURY.—It is error, in a criminal trial, for the trial judge to go into the jury room and communicate with the jury in the absence of counsel for the accused, although the accused himself is present.

Appeal from Craighead Circuit Court, Jonesboro District; *R. H. Dudley,* Judge; reversed.

*Eugene Sloan* and *N. F. Lamb,* for appellant.

1.  Judge Dudley's statement of fact to the jury was incorrect and contrary to the evidence. The misstatement was material and prejudicial.

2.   The conduct of Judge Dudley in entering the jury room and his conduct there was reversible error. Kirby & Castle's Digest, §§ 2594-5; Archibald, Cr. Pr. & Pl. 555; Bishop, New Cr. Proc., § 1000; Thompson & Merriam on Juries, § 355; 2 Thompson on Trials, § 2554; 1 Pick. 337, 341; 16 R. C. L. 298; 107 N. W. 666; 115 *Id.* 84; 104 *Id.* 116; 114 *Id.* 103; 3 Minn. 262; 76 Pac. 780; 47 *Id.* 106; 124 Mass. 567; 33 N. E. 976. See also 54 So. 665; 22 Kan. 222; 104 N. E. 685; 136 S. W. 896; 145 *Id.* 857; 144 Pac. 284; 107 N. E 970; 180 S. W. 888; 115 *Id.* 1163; 14 Ohio, 511; 1 Cow. 258, and others.

3.   The affidavits of jurors were admissible. K. & C. Digest, § 2595. See also 20 Iowa, 195; 12 Sm. & M. 500; 43 Pac. 124; 115 N. W. 819; 146 U. S. 140; 22 Cyc. 422; 12 *Id.* 751; 29 *Id.* 982; 14 R. C. L. 204, § 47; 111 Ark. 399; 58 *Id.* 395. See also 14 Ohio, 511; 6 N. W. Cr. Rep. 100; 66 N. E. 112.

*John D. Arbuckle,* Attorney General, and *T. W. Campbell,* Assistant, for appellee.

1.   The affidavits of jurors were inadmissible. 130 Ark. 48; 29 Ark. 293; 59 *Id.* 132; 66 *Id.* 264; 67 *Id.* 266.

2.   Confesses error, citing 16 R. C. L. 29, § 110; 1 Pick. (Mass.), 337; 23 Ill. 347; 124 Mass. 567; 102 Tex. 263; 127 Wis. 193; 93 Miss. 47; 17 N. D. 48; 128 Wis. 444; Kirby's Dig., § 2605, etc.

SMITH, J.  Appellant was convicted under an indictment charging him with the crime of carnal abuse, alleged to have been committed upon the person of one Lena Ishmael.  The principal defense to the charge appears to have been that at the time of the alleged acts of intercourse the girl was not under the age of sixteen years.  The proof is somewhat conflicting and uncertain as to whether Lena Ishmael was past sixteen years of age in the year 1915, although there is evidence from which the jury might have found that she was under sixteen years of age during the year 1915.  The testimony is practically undisputed that she was under sixteen years of age

during the year 1914; but it is insisted on behalf of appellant that there was no testimony that any act of intercourse occurred during the year 1914; and appellant further says that all of the acts of intercourse testified to by the prosecutrix occurred during the years 1915 and 1916. At any rate, this was one of the disputed questions of fact in the case, and the proof on appellant's part was to the effect that, if any act of intercourse took place at all, it occurred either in 1915 or 1916.

The jury retired to consider their verdict, but was unable to arrive at a verdict, when, after having had the case under consideration for some time, one of the jurors appeared at the door of the jury room and asked to see the trial judge, who was seated in the court room at the time but was not engaged then in the trial of another case. The appellant was present in the court room, but the attorneys representing him were not there at the time. When told that the jury desired to see him, the judge asked if there was any objection to his answering the call of the jury, and none was made. The judge supposed that counsel for appellant had given their consent for him to enter the jury room in response to the invitation of the jurors. Appellant himself knew of the incident at the time, but made no objection thereto, as he did not know that there was anything irregular about what the judge proposed to do. Upon entering the jury room the door was allowed to remain open, and the appellant and others heard the conversation which took place between the judge and the jurors. Some one or more of the jurors stated that they wanted to know the recollection of the judge as to what the prosecuting witness had said as to the time when the first act of intercourse with the girl by the appellant occurred. The judge prefaced his answer to that question by saying that if there was a dispute about the evidence in the case it was a matter in which he could not help them; that if they so desired he would have the witness recalled or have the stenographer read the whole or any part of the testimony of the witness. He then stated to the jury that his recollection of what

the girl had testified to, was that the first act of intercourse was in the year 1914, although he was not positive of that fact, and that the jury ought not to be influenced by what he had said. He then retired from the jury room and shortly thereafter a verdict was returned finding the defendant guilty as charged.

(1) The only error complained of as having occurred at the trial is the action of the judge in entering the jury room as above stated. The Attorney General has filed a confession of error in the case, and we think this confession of error is well taken. We think the action of the court was erroneous upon two grounds. In the first place, it offended against section 23 of article 7 of the Constitution, which provides that judges shall not charge juries with regard to matters of fact, but shall declare the law. It is true that the trial judge admonished the jury that they should not be influenced by his recollection of the testimony; but it can not be said that they obeyed this admonition. Indeed, it is almost apparent that they did not do so, and it must, at least, be presumed that such is not the case. The jury was unable to agree about what the witness had stated, and they called the judge to the room for the purpose of asking his recollection, and the verdict returned comported with the recollection of the judge. *Mitchell* v. *State*, 125 Ark. 260; *Twist* v. *Mullinix*, 126 Ark. 436; *Roe Rice & Land Co.* v. *Strobhart*, 123 Ark. 152; *McLemore* v. *State*, 111 Ark. 463.

(2) We think the action of the court was erroneous for the additional reason that it constituted a communication between court and jury in the absence of counsel for the accused. The rule in such cases is stated in section 110 of the article on juries in 16 R. C. L., page 298, as follows: "In numerous cases it is held that private conversations of the judge and the jury are not only improper, but that they constitute misconduct for which the judgment will be reversed, without reference to the question whether such misconduct affected the verdict, inasmuch as injury in such cases will be presumed;

and authority is not wanting to the effect that this presumption is conclusive. Even where a trial judge enters the jury room at the request of the jurors, after they have retired to deliberate on their verdict, and communicates or converses with the jury in reference to the case, in the absence of the attorneys, the verdict will not be permitted to stand, and regardless of whether such conversations was prejudicial.'' Several annotated cases are cited in the note to the text quoted which collect a large number of cases on this subject in addition to those cited in the briefs of counsel.

The principle which controls here is that announced by this court in the case of *Pearson* v. *State,* 119 Ark. 152. Pearson was indicted for murder in the first degree, and was convicted of that crime. After the retirement of the jury in that case a note was addressed to the trial judge by a member of the jury, which read as follows: ''If the jury should find the defendant guilty as charged in the indictment with a recommendation for leniency, has Your Honor the authority and will you assess his punishment at twenty-one years in the State penitentiary or for life? In response to this inquiry, and on the back of it, the trial judge wrote the word, ''no.'' The conviction in that case was reversed by this court because of that communication and in doing so we said: ''This inquiry on the part of the jury and the answer thereto by the court was tantamount to giving instructions to the jury in the absence of the defendant and his counsel. If the appellant or his counsel had been present, then they might have objected to the court's answering the inquiry in any manner at all, and they might have objected to the answer that the court gave. It is unnecessary to determine whether the answer was correct.''

In the case at bar the accused was present, but his counsel was absent, and no objection was made to the action of the judge because, as stated by the appellant, he did not know that the proceeding was irregular or that he had any right to object.

The high character of the trial judge is so well known that it can not be assumed that he was undertaking to exercise any undue influence over the jury. Indeed, it appears from his statement contained in the bill of exceptions that he thought counsel for the accused were present and were assenting to what he did. Such, however, was not the case, and we must hold, for the reason stated, that prejudicial error was committed, and the judgment will, therefore, be reversed and the cause remanded for a new trial.