MORRIS *v*. STATE.

Opinion delivered February 23, 1920.

1.  CRIMINAL LAW—INSANITY—INSTRUCTION.—In a prosecution for murder defended on the ground of insanity, an instruction that the law presumes that every sane person intends the natural consequences of his voluntary act unless the contrary appears from

the evidence is not erroneous, as assuming defendant's sanity at the time of the killing, where the question of defendant's insanity was submitted to the jury in other instructions.

2. CRIMINAL LAW—CAPITAL CASES—NECESSITY.—While in capital cases formal exceptions are not required for errors to be reviewed in the Supreme Court, there must be an objection to the particular proceeding below, otherwise there is no erroneous ruling to review.

3. INDICTMENT—FINDING—IMPEACHMENT BY GRAND JUROR.—An indictment can not be impeached by proof that all the grand jurors did not hear the testimony before it was returned into court.

Appeal from Mississippi Circuit Court, Osceola District; *R. E. L. Johnson*, Judge; affirmed.

The appellant, *pro se*.

1. The court erred in the remarks made in the presence of the jury. 107 Ark. 469; 51 *Id*. 147; 54 *Id*. 489; 62 *Id*. 126; 70 *Id*. 420.

2. The bill of exceptions was not properly certified. 9 Ark. 133; 28 N. E. 1022; 16 *Id*. 786.

3. The judge's remarks were prejudicial and error. *Supra*.

4. Instruction No. 9 was error, and it was error to overrule the motion to quash the indictment, as it was not returned according to law.

*John D. Arbuckle*, Attorney General, and *Robert C. Knox*, Assistant, for appellee.

1. There is nothing to show that the interlineations were made by the trial judge or anyone else before the signature of the judge. 84 Ark. 95; 86 *Id*. 360. No exceptions were saved to the statements of the trial judge. 101 Ark. 443; 99 *Id*. 462; 94 *Id*. 465; 105 *Id*. 467; 94 *Id*. 254.

A verdict supported by abundant evidence and properly supported by proper instructions will not be disturbed for improper conduct of the judge unless such conduct was prejudicial. 84 Ark. 81. The remarks must be called to the specific attention of the judge. 106 *Id*. 379.

2. No error in instruction No. 9. 73 Ark. 399; 79 *Id.* 120.

3. Where an indictment is properly returned, it will be presumed it was duly found, and it was not error to refuse to allow a grand juror to testify. 99 Ark. 1; Kirby's Digest, § 2423.

McCULLOCH, C. J. This is an appeal from a judgment imposing the death sentence on conviction of the crime of murder in the first degree. Appellant killed his wife. There were several eye-witnesses, and the killing is admitted. Counsel for appellant conducted the defense on the ground of appellant's insanity, which issue was submitted to the jury on instructions to which no objections have been urged in this court.

One of the grounds urged for reversal is that the court erred in giving an instruction which told the jury that the law "presumes that every sane person intends the natural and probable consequences of his own voluntary act, unless the contrary appears from the evidence," the contention being that this language assumes the sanity of appellant at the time he committed the homicide.

We do not think that the language is open to the interpretation that it constitutes an assumption on the part of the court that the accused was a sane person at the time of the commission of the crime. The question of appellant's insanity was submitted to the jury, and this instruction, especially when considered in connection with the others in the case, cannot be treated as one assuming the fact of appellant's sanity.

Next, it is contended that the court erred in a certain remark made in connection with the ruling sustaining appellant's objection to testimony sought to be introduced by the State. This remark was made by the court in announcing a ruling on appellant's objection to the offered testimony and excluding it from the jury. Under the statutes of this State formal exceptions are not required in capital cases in order for errors to be reviewed in this court, but there must be an objection to the particular

proceeding below, otherwise there is no erroneous ruling for this court to review. *Harding* v. *State,* 94 Ark. 65; *Caughron* v. *State,* 99 Ark. 462; *McElvain* v. *State,* 101 Ark. 443.

Counsel for appellant moved to quash the indictment on the ground that all of the grand jurors did not hear the testimony before returning the indictment, and there was an offer to prove by a member of the grand jury that one of the jurors was discharged after the testimony against appellant had been presented, and that another grand juror was impaneled, and the indictment was returned without submitting the testimony to the new juror. The indictment cannot be impeached in that way. *Nash* v. *State,* 79 Ark. 120; *Worthem* v. *State,* 88 Ark. 321.

These constitute the only grounds urged for reversal, and the testimony was sufficient to sustain the verdict. Judgment affirmed.