## SULLIVAN *v*. STATE.

### Opinion delivered November 5, 1923.

1. CRIMINAL LAW—ABSENCE OF BILL OF EXCEPTIONS—MATTERS REVIEWABLE.—Where no bill of exceptions is filed in a capital case, the Supreme Court can review only for errors apparent on the face of the record.

2. INDICTMENT AND INFORMATION—FILING IN OPEN COURT.—Where the record of the proceedings of the circuit court on a certain day recited that the grand jury came into court and presented two bills of indictment, numbered one and two, and the indictment against appellant herein contains the indorsement that it was filed on that day and numbered one, this was a sufficient showing that the grand jury was duly selected and impaneled.

3. CRIMINAL LAW—PRESUMPTION AS TO REGULARITY.—Where the record recites that the court ordered the sheriff to bring the accused into court, and that the court informed him of the

nature of the indictment and of his rights thereunder, it will be presumed that all of these proceedings took place in open court.

4. JURY—WAIVER OF RIGHT TO OBJECT.—Where the record in a capital case recites that the jury were selected and impaneled in open court, without objection as to the manner of their selection, all objections to the manner of their selection were waived.

Appeal from Boone Circuit Court; *J. M. Shinn*, Judge; affirmed.

*A. B. Arbaugh,* for appellant.

*J. S. Utley,* Attorney General, *John L. Carter,* Assistant, for appellee.

HART, J. Eulos Sullivan was tried before a jury and convicted of murder in the first degree. The jury fixed his punishment at death by electrocution, and from the judgment and sentence of conviction against him Eulos Sullivan has prosecuted an appeal to this court.

No bill of exceptions has been filed in the case, and, under the rules of this court, we can only review for errors apparent on the face of the record. *Harding* v. *State,* 94 Ark. 65; *Morris* v. *State,* 142 Ark. 297, and cases cited; and *Cegars* v. *State,* 150 Ark. 648.

We have examined the indictment and find it to be a valid indictment. There is no error upon the face of the record. The object of a bill of exceptions is to bring the proceedings of the trial court, which are not a part of the record proper, in the record for review in this court. If no bill of exceptions was required, the defendant might make up his own assignments of error and an entirely different case from the one tried in the court below would be presented for review in this court.

We find no reversible error in the record presented to us for review, and it follows that the judgment of the circuit court must be affirmed.

HART, J., (on rehearing). Counsel for the defendant earnestly insist that the judgment in this case should be reversed because the record does not affirmatively show that the grand jury which returned the indictment was selected and impaneled as the grand jury of Boone County, and that the record does not show that the pro-

ceedings were had at a special term of the court. On this point we copy from the transcript the following:

"In the Boone Circuit Court, July term, 1923. July 19, 1923.

"Grand Jury Order.

"On this day comes the grand jury into open court in a body and all answered to their names when called. Thereupon said grand jury, through their foreman, presented to the court two (2) true bills of indictment, which said true bill of indictment was by the court examined and handed to the clerk of this court with instruction to file and number, which was done in the presence of all the grand jurors, and said true bills was numbered from one (1) to two (2) inclusive. Said grand jury, having no further business before the court but further business before their body, retired to consider further of their duties."

Page three of the transcript contains the indictment which charges Eulos Sullivan with the crime of murder in the first degree committeed by shooting Walter Casey with a pistol on the 16th day of July, 1923, in Boone County, Ark. The indictment is in proper form, and on the back of it is the following:

"Indorsed: No. 1. State of Arkansas against Eulos Sullivan.

"A true bill: Jesse B. Guier, foreman of grand jury. Indictment for murder in the first degree. Filed in open court in presence of all the grand jurors, this the 19th day of July, 1923. W. J. Cotton, clerk.

"Witnesses for State: G. W. Walling, Bob Shaddox, C. G. Richardson, J. S. Johnson, Vard Bishop, Otis Eoff."

It will be observed that the order recites that the grand jury came into open court in a body and all answered to their names when called. Then follows the recitation that the grand jury, through its foreman, presented to the court two true bills of indictment, which were by the court examined and handed to the clerk, with instructions to file and number them, and that this was done in the presence of all the grand jury.

The record does not contain any objection to the form of this order or to any statement of fact recited in it. The indictment is indorsed number 1, and contains the recitation that it was filed in open court in the presence of all the grand jurors on the 19th day of July, 1923. This purports to be the record of the proceedings of the trial in the circuit court sanctioned by the approval of the presiding judge. If the recitals are true, there was a term of the circuit court at which the grand jury was selected and impaneled, and the indictment upon which the defendant was tried was returned by it into open court. The record recites that the indictment was returned in open court in the presence of all the grand jurors. In the absence of a showing to the contrary, this was sufficient, under the holding of this court in *Hanson v. State,* 160 Ark. 329.

It is next insisted that the record contains no facts to show that the defendant was brought into open court and informed of the charges against him. On this point we copy from the transcript the following:

"In the Boone Circuit Court, July term, 1923. July 19, 1923.

"State of Arkansas, plaintiff, v. Eulos Sullivan, defendant.—No. 1149.

"On this day the sheriff was ordered to bring Eulos Sullivan into court, and the court informed him of the nature of the indictment and his rights under said charge, and, the defendant having no counsel and no money with which to employ an attorney, the court appointed A. B. Arbaugh to represent him. A copy of the indictment was served upon the defendant Thursday, July 19, 1923, at 9 o'clock, and this cause is by the court set for trial Saturday, July 21, 1923, at 9 o'clock."

It will be observed that this record recites that the sheriff was ordered to bring the defendant into court, and that the court informed him of the nature of the indictment and his rights thereunder. Counsel was then appointed by the court to defend him, and the case was

set for trial. No objection was made at any stage of the proceedings to the form of this order. The recitation that the court informed the defendant of the nature of the indictment and his rights thereunder shows that he was in the presence of the court. Counsel was then appointed to defend him. The recitation of these facts shows that the proceedings occurred in open court. In the absence of a showing to the contrary, we cannot indulge the presumption that prejudicial proceedings, certified to by the clerk of the court as having been had during the progress of the trial, occurred elsewhere.

It is next insisted that the petit jury was not selected in the manner provided by the statute. On this point we copy from the record the following:

"In the Boone Circuit Court, July term, 1923. July 21, 1923.

"State of Arkansas, plaintiff, v. Eulos Sullivan, defendant.—No. 1149.

"Comes now the prosecuting attorney, who prosecutes on behalf of the State of Arkansas, and said defendant, in his proper person, as well as by his attorney, defendant being arraigned, the clerk of this court reading the indictment to him, and asked the defendant if he was guilty or not guilty, and the defendant said he was not guilty, and this cause coming on for trial, the defendant demands a jury trial; thereupon comes a jury who have been selected, eight from the regular panel of jurors, and four from the bystanders. who appear in court as follows: B. O. Ragland, C. F. Forney, C. F. Fillingham, Luther Dozier, W. L. Johnson. A. J. Pugh, Jeff Pillow, Tobe Tennyson, Cleve Gray, Wiley Daniel, M. O. Jones and Dave Nichols, twelve good and lawful men, citizens of Boone County, in this State, who, being chosen, tried, accepted and sworn to truly try this cause, and a true verdict render, according to law and evidence, and, after hearing all the evidence, and being fully instructed on the law by the court, and hearing the argument of counsel for the State, as well as for the defendant, the jury then retired to their room to consider of their verdict, and,

deliberating thereon, returned into open court the following verdict, to wit: 'We, the jury, find the defendant guilty of murder in the first degree as charged in the indictment, and fix his punishment at death by electrocution. J. P. Pillow, foreman.' And the jury, in this cause, is by the court, in the presence of the attorney on both sides, relieved from further service herein, and this cause is continued for judgment and sentence.''

It will be observed that this record recites that a jury was selected and impaneled in open court. The names of the jurors are given, and the record recites that they were chosen, tried and accepted and sworn to try the cause. It recites that eight of them were selected from the regular panel and four from the bystanders. No objection was made whatever to the manner of selecting the jury. Neither does the record recite that the defendant exhausted his challenges.

In *Johnson* v. *State,* 97 Ark. 131, it was held that a defendant convicted of a capital offense can not complain because the trial court caused the jury to be selected from a list containing twelve jurors of the regular panel and twelve others summoned from the bystanders, if he failed to exhaust his peremptory challenges in the selection of the jury.

In the recent case of *Smith* v. *State*, 160 Ark. 178, the court held that, where a defendant, on trial for a felony, failed to object that certain members of the jury were selected and impaneled and sworn to try the cause without having first been sworn to answer questions touching their qualifications as jurors, he thereby waived such irregularity, and could not raise the question for the first time in his motion for a new trial.

In *Bowman* v. *State*, 93 Ark. 168, which was a capital case, the record shows that eleven jurors were obtained before the regular panel was exhausted. At that time the State had seven and the defendant had seventeen peremptory challenges. The defendant objected to the court having one talesman at a time summoned, and asked that as

many as three be summoned, in order to permit him to draw. He based his request upon the section of the Digest that provides that, where the regular panel is exhausted, the court shall order the sheriff to summon bystanders to at least twice the necessary amount to complete the jury, whose names shall be placed in the box and drawn. The court held that there was no prejudicial error calling for a reversal of the judgment, because the defendant had failed to exhaust his peremptory challenges.

Here, as above stated, the record does not show that any objection was made to the manner of selecting the jury. This court has held repeatedly in capital cases that there are certain constitutional and statutory rights guaranteed to the defendant as a personal privilege which he may waive at the trial, and which he does waive by not objecting to the method of procedure during the trial. Most of the cases on this point, as well as a review of them, will be found in the majority opinion, or in the dissenting opinion, in *Shinn* v. *State,* 150 Ark. 215. In that case the dissent was based upon the ground that the error complained of was not a matter of personal privilege to the defendant, but was one which affected the, administration of justice, and therefore could not be waived by the defendant. Both the majority and the dissenting opinion recognized that rights which do not affect the State and are in the nature of a personal privilege may be waived by the defendant, and are waived by him where he does not object during the trial. See also *Beard* v. *State,* 79 Ark. 293.

It is also true that § 3414 of Crawford & Moses' Digest provides that, in all cases appealed to this court, where the accused has been convicted of a capital offense, all errors of the trial court prejudicial to the rights of the defendant shall be heard by this court, whether exceptions were saved or not at the trial. In construing this act, however, this court has held that, while formal exceptions need not be saved at the trial, objections must be

made to the proceeding in the trial court in order to obtain a review of the alleged errors in this court. *Harding* v. *State,* 94 Ark. 65; *Caughron* v. *State,* 99 Ark. 462; *Morris* v. *State,* 142 Ark. 297, and *Sneed* v. *State,* 159 Ark. 65.

Other alleged errors are urged upon us for a reversal of the judgment which we cannot consider because, as stated in our original opinion, there was no bill of exceptions filed in the case. There is nothing in the record to show whether the alleged errors complained of actually occurred at the trial or not. We have only the power to review for errors occurring at the trial, which are preserved in the record and thereby presented for review. The alleged errors must be brought in the record in order for us to consider them. The reasons for this are so apparent and have been so repeatedly pointed out by the court in other decisions that we do not deem it necessary to repeat them.

It follows that the motion for a rehearing must be denied.