JONES v. STATE.

Opinion delivered November 26, 1923.

1.  CRIMINAL LAW—POLLING JURY—EXAMINATION OF JURORS.—It was not error, on polling the jury, to refuse to permit defendant counsel to question each juror as to whether he would have returned a verdict of guilty if the court had not given a certain instruction, as, under Crawford & Moses' Dig., § 3220, the jurors could not impeach their verdict in such manner.

2.  CRIMINAL LAW—INSTRUCTION—SENTENCING MINOR TO REFORM SCHOOL.—Where, in a murder case, the jury requested to be instructed as to their power to sentence defendant to the reform school, the court properly told them that they had no such power, but that, if convicted, the court had power to send him to that school.

3.  CRIMINAL LAW—INSTRUCTIONS—OBJECTION.—Instructions not objected to nor assigned as ground for motion for new trial will not be considered on appeal.

4.  HOMICIDE—INSTRUCTION AS TO MANSLAUGHTER.—One charged with murder in the first degree could not complain on appeal that the court charged on the law of manslaugher.

Appeal from Lafayette Circuit Court; *James H. McCollum,* Judge; affirmed.

*Tillman B. Parks,* for appellant.

*J. S. Utley,* Attorney General, *John L. Carter, Wm. T. Hammock* and *Darden Moose,* Assistants, for appellee.

SMITH, J.   Appellant was indicted for murder in the first degree, alleged to have been committed by shooting Ed Twitty, and was convicted of voluntary manslaughter and given a sentence of five years in the penitentiary. and, to reverse that sentence, has appealed.

This killing occurred in the latter part of July, 1923. It appears that, in the early part of 1923, Twitty had shot and killed appellant's father, and there was testimony that thereafter appellant became moody and constantly brooded over this tragedy, and was much affected by it. There was testimony that thereafter appellant neither slept soundly nor ate regularly, and the defense interposed was that appellant had become of unsound mind.

After hearing the instructions of the court and the argument of counsel, the jury retired to consider its verdict, and thereafter returned into open court and, through the foreman, asked the following question: "The foreman: We want an instruction as to the sentence to the reformatory school—whether we have any jurisdiction as jurors." To this question the court gave the following answer: "The court: You have not the power to sentence him to the industrial school. Should you convict him and assess his punishment at imprisonment in the penitentiary, the court has the power to sentence him to the industrial school." Appellant, at the time, objected to the question of the jury, and excepted to the answer of the court.

Thereupon, according to the recitals of the record, "the jury again retired to consider their verdict, and thereafter returned into open court" a verdict finding appellant guilty of manslaughter and assessing his punishment at five years in the penitentiary.

Upon reading the verdict, counsel for appellant requested a poll of the jury, and this was had. Counsel then asked to be allowed to inquire of each juror whether he would have returned a verdict of guilty if the court had not informed the jury that, if a conviction was returned, the defendant would be sentenced to the industrial school by the court. But the court refused to permit the jurors to be thus interrogated. It will be observed, from the question and answer set out above, that the court did not advise the jury that appellant would be sentenced to the industrial school, but only that the court had the power to do so.

The court properly refused to permit the question to be asked the jurors, as the statute prohibits jurors from thus impeaching their verdict. Section 3220, C. & M. Digest; *Capps* v. *State,* 109 Ark. 193; *Lemons* v. *State,* 155 Ark. 59; *Arnold* v. *State,* 150 Ark. 27; *Lamb* v. *State,* 135 Ark. 275.

No error was committed in answering the question asked by the jury. As we have pointed out, the court did not tell the jury that the defendant would be sent to the industrial school, if convicted, but that it was within the power of the court to sentence him to the industrial school if he were convicted; and this is the law.

The case is unlike the cases of *Pittman* v. *State,* 84 Ark. 292, and *Bird* v. *State,* 154 Ark. 297. The convictions in those cases were reversed because the court, in each case, erroneously declared the law to be that appellant's sentence, if convicted, would be served, in any event, in the reform school, and not in the penitentiary.

The record in the present case is like that in the case of *Freeman* v. *State,* 156 Ark. 592, where the jury asked to be advised what the law was in regard to the sentence of felons under eighteen years of age. In that case the court read the statute; in this case the court answered the question by a correct statement of the law. In the Freeman case, above, we said, in referring to the Pittman case, *supra,* that "it was held in the case cited and in later decisions that it is error to give incorrect information to the jury as to the substance and effect of this statute. It will be observed from the recitals in the bill of exceptions in the present case that the court did not volunteer the information on this subject at all, but merely read the statute to the jury when so requested, and read it correctly. We think there was no error committed by the court in this respect." see also *Bohannon* v. *State,* 160 Ark. 431.

Counsel complain that the court charged the jury on the law of manslaughter. It appears, however, that no objection was made to the instruction when it was given,

and that the motion for a new trial did not assign this as error. Moreover, we have repeatedly held that this was not error of which the defendant could complain. *Johnson v. State,* 156 Ark. 459; *Freeman v. State,* 150 Ark. 387; *Webb v. State,* 150 Ark. 75; *McGough v. State,* 113 Ark. 301; *Roberts v. State,* 96 Ark. 58.

No error appearing, the judgment is affirmed.