## Durham v. State.

Opinion delivered May 13, 1929.

*DuVal L. Purkins,* for appellant.

*Hal L. Norwood,* Attorney General, and *Pat Mehaffy,* Assistant, for appellee.

HART, C. J.  Dan Durham was convicted of assault with intent to rape, and his punishment was fixed by the jury trying him at three years in the State Penitentiary.

The child upon whom the assault was alleged to have been committed was allowed to testify, and it is urged that the court erred in allowing her to do so.  Before she was permitted to testify, the trial court examined her as to her competency.  She was six years old, and stated that she had been to Sunday-school, where she was taught that if she told a lie she would go down to the bad-man. She also stated that if she told a story she would be sent to the jail house.  She appeared small for her age, but was intelligent looking.  The court ruled that she was competent, and there is nothing in the record to show that there was any abuse of judicial discretion.

In criminal cases this court has adopted the rule of the common law, that a witness of any age may testify in a criminal case, if, upon examination by the court, the witness appears to have sufficient intelligence to comprehend the nature and obligation of an oath and understands that there may be punishment for false swearing. *Crosby* v. *State,* 93 Ark. 156, 124 S. W. 781, 137 Am. St. Rep. 780; *Penny* v. *State,* 109 Ark. 343, 159 S. W. 1127; *Yother* v. *State,* 167 Ark. 493, 268 S. W. 861; and *Payne* v. *State,* 177 Ark. 413, 6 S. W. (2d) 832. The trial court was justified, from the examination of the witness, in finding that she had sufficient intelligence to know what she was testifying about and that she understood the obligation of an oath and the punishment that might follow from swearing falsely.  Hence we hold this assignment of error was not well taken.

In this connection it may be stated also that the witness gave an intelligent account of how she had been assaulted by the defendant, and her testimony was corroborated by other facts and circumstances adduced in

evidence. Her own testimony, if believed by the jury, was sufficient to warrant a conviction. *Wilson* v. *State,* 177 Ark. 885, 7 S. W. (2d) 969, and *Wallace* v. *State,* 177 Ark. 892, 9 S. W. (2d) 21.

It is next urged that the judgment should be reversed because the court went into the jury room and instructed the jury upon the form of its verdict, in the absence of the defendant. The record shows that the trial judge went into the jury room, at the request of the jury, and that the prosecuting attorney and the attorney for the defendant went with him. The defendant was only seventeen years of age, and the jury asked the court for instructions as to its right to return a verdict of guilty and its power to send the defendant to the reform school instead of the penitentiary. The court correctly instructed the jury as to the law in this respect, in accordance with *Pittman* v. *State,* 84 Ark. 292, 105 S. W. 874, and *Jones* v. *State,* 161 Ark. 242, 255 S. W. 876.

It is claimed, however, that the action of the court was prejudicial because, under § 3192 of Crawford & Moses' Digest, it was the duty of the court to have the jury brought into court and to have instructed it in the presence of the defendant. It is true that this court has held this provision of the statute to be mandatory, and it would have been the better practice for the trial court to have obeyed it. *Wacaster* v. *State,* 172 Ark. 983, 291 S. W. 85, and *Hinson* v. *State,* 133 Ark. 149, 201 S. W. 811. In the Wacaster case the judgment was reversed because the instruction given by the court was held to be an expression of opinion upon the weight of the testimony, in violation of the provision of our Constitution. In the Hinson case the judgment was reversed because the attorney for the defendant was not present at the time the court instructed the jury, and it was considered that the defendant did not object because he did not know that the proceeding was erroneous or that he had any right to object.

In the case before us, the attorney for the defendant was present, and did not make any objection to the action

of the court. Consequently he will be deemed to have waived any error of the court in this respect. In *Davidson* v. *State,* 108 Ark. 191, 158 S. W. 1103, Ann. Cas. 1915B, 436, it was held that a defendant accused of murder in the first degree may, through his attorney, waive his presence when the verdict of the jury is received; and, in the absence of a showing to the contrary, the authority of the attorney will be presumed. In *Shinn* v. *State,* 150 Ark. 215, 234 S. W. 636, where certain experiments were made by the jury at the defendant's request and he was given an opportunity to watch the experiments, it was held that he could not complain because the experiments were conducted in his absence.

Other cases supporting the general rule are as follows: *McVay* v. *State,* 104 Ark. 629, 150 S. W. 125; *Scruggs* v. *State,* 131 Ark. 320, 198 S. W. 694; *Morris* v. *State,* 142 Ark. 297, 219 S. W. 10; *Guerin* v. *State,* 150 Ark. 295, 234 S. W. 26; *Wells* v. *State,* 151 Ark. 221, 235 S. W. 798; and *Sullivan* v. *State,* 161 Ark. 19, 257 S. W. 58.

The evidence was legally sufficient to warrant the verdict, and the case was tried in all respects with regard to the admission of evidence and the giving of instructions in accordance with the settled principles of law often decided by this court.

There being no error in the record, the judgment must be affirmed.