CAMERON *v.* STATE.

4544                                      216 S. W. 2d 881

Opinion delivered January 31, 1949.

*Martin L. Green* and *Batchelor & Batchelor,* for appellant.

*Ike Murry,* Attorney General and *Jeff Duty,* Assistant Attorney General, for appellee.

ROBINS, J.  Appellant, with two other persons, was charged in information filed by the prosecuting attorney with the crime of grand larceny for the stealing of a quantity of lumber, the property of Whitney and Ralph Johnson.  Before trial the prosecuting attorney asked and was by the court granted permission to amend the information by adding to the property alleged to have been stolen "two chicken laying troughs."  In the original information the value of the property alleged to have been stolen was fixed at $75 and no change in this valuation was made in the amendment.

The case was tried to a jury who, after some deliberation, returned into court and informed the judge that they were unable to agree as to punishment and asked the judge if he might fix the punishment.  The judge informed the jury that if they found the defendant guilty and would so state in their verdict and would request the court to fix the punishment it would become the duty of the court to do so.  Thereafter the jury returned a verdict by which appellant was found guilty of petit larceny and the punishment left to the court.

The court rendered judgment assessing the punishment at a fine of $300 and imprisonment in the county jail for one year. This appeal followed.

Several assignments of error are urged here by appellant; but in the view we take of the case it is necessary to consider only one of them. During the argument of appellant's counsel to the jury he severely criticised the chief prosecuting witness, declaring that said witness was an admitted embezzler and perjurer and that, if the lumber was stolen, the prosecuting witness, who admitted helping to load the lumber on apellant's truck, was the one to be convicted. At this juncture the trial judge interrupted appellant's attorney and said to the jury: "Gentlemen of the jury, do not be swept off your feet, you are trying Mr. Cameron not witness Jeffers."

Under our constitution (Art. 7, § 23) judges are forbidden to charge juries as to the facts; and we have held that for a trial judge to communicate to the jury in any way his opinion, as to the merits of the contention of either party on a fact question, is error. *Hinson* v. *State,* 133 Ark. 149, 201 S. W. 811; *Williams* v. *State,* 175 Ark. 752, 2 S. W. 2d 36.

The inevitable effect of the above quoted statement of the trial judge was to impress the jury that the trial judge believed the appellant to be guilty and that he was cautioning the jury not to be influenced by argument of appellant's counsel into returning a verdict of "not guilty." This was error, for which the judgment below must be reversed and the cause remanded for a new trial.

Since under the verdict appellant was acquitted on the charge of grand larceny, on trial anew appellant will be tried for the offense of petit larceny.