ARK. STATE HIGHWAY COMM. *v.* SUDDRETH

5-3535                                    389 S. W. 2d 423

Opinion Delivered April 26, 1965.

*Mark E. Woolsey, Don Langston, Don Gillaspie,* for appellant.

*Franklin Wilder, Thomas Harper,* for appellee.

SAM ROBINSON, Associate Justice. This is an eminent domain proceeding whereby the Arkansas State Highway Commission condemned for highway purposes 38/100 of an acre in Ft. Smith owned by appellees, J. G. Suddreth and his wife, Marceline. The condemned property is a part of a tract upon which appellees' home is located. The Highway Commission contends that appellees were damaged in the sum of $2,200 by reason of the taking. Appellees maintain that they suffered damages to the extent of $14,000. There was a jury verdict for the appellees in the sum of $8,845. The Highway Commission has appealed.

On appeal appellant argues two points. First it is contended that the court commented on the evidence and thereby erred. Second, that the court erred by remarks made in the presence of the jury prejudicial to appellant.

Appellees introduced as an expert witness on value, Mr. Jimmie Taylor, a real estate appraiser. He testified that the difference in value of the Suddreth property be-

fore and after the taking was $9,650. On cross-examination, the attorney for the Highway Commission attempted to show that the witness had taken into consideration certain things which are not regarded by law as recoverable damages. Mr. Taylor's testimony was extremely lengthy for this kind of case. The answers to questions were long and involved. The answer to one question alone takes up seven pages of the record. Several answers he gave required more than a page to transcribe. It is not at all clear that he did not take into consideration claimed damages that are not recoverable at law. Counsel for the Highway Commission moved to strike that portion of his testimony regarding severance damages because in arriving at such damages the witness took into consideration loss of view, loss of privacy, change in neighborhood, and the closing of Duncan Road. The court said: ''I understood this gentleman's testimony to be that he did not consider these items, although Mr. Langston (attorney for the Highway Commission) was very diligent in seeking to get him to admit that he had, at least by inference.''

It was within the province of the jury to construe the witness' testimony. The court's remark amounted to an expression of the court concerning a construction of the witness' testimony. This was a comment on the evidence, which is prohibited by Article 7, Sec. 23, of the Constitution of Arkansas. When counsel for appellant objected to the comment made by the court, the court inquired of counsel as to what manner the court had commented on the evidence; counsel then offered to approach the bench. No doubt it was the opinion of counsel that the objection in full should not be stated within the hearing of the jury. Finally, after considerable colloquy between the court and counsel for both sides, the court put an end to the objection by stating: ''He means—all right, all right, we'll let it go at that.''

Article 7, Section 23 of the Constitution provides: ''Judges shall not charge juries with regard to matters of fact, but shall declare the law, and in jury trials shall reduce their charge or instructions to writing on the request of either party.'' Many times this court has held

that this provision of the Constitution prohibits the court from commenting on the evidence. The court said in *Cameron* v. *State*, 214 Ark. 512, 216 S. W. 2d 881: "Under our Constitution (Art. 7, § 23) judges are forbidden to charge juries as to the facts; and we have held that for a trial judge to communicate to the jury in any way his opinion, as to the merits of the contention of either party on a fact question, is error."

In *Harbor* v. *Campbell*, 235 Ark. 492, 360 S. W. 2d 758, the court quoted from *Fuller* v. *State*, 217 Ark. 679, 232 S. W. 2d 988, as follows: "The requirement of Art. 7, § 23, of our constitution, that 'judges shall not charge juries with regard to matters of fact.' applies as well to the credibility of witnesses and the weight to be given their testimony as to the outright truth or falsity of what they say. *St. L.S.W. Ry. Co.* v. *Britton*, 107 Ark. 158, 154 S. W. 215. And it applies not only to what judges tell juries in the course of formal instructions but also to what they say in colloquys with lawyers in the jury's hearing." In *Hinson* v. *State*, 133 Ark. 149, 201 S. W. 811, the court held it was error for the trial judge to give the jury his opinion upon any question of fact, although he admonished the jury to disregard his opinion.

We do not reach the second point, that is, whether other remarks made by the trial court were prejudicial to appellant. In a new trial the remarks complained of are not likely to be repeated.

Reversed and remanded for new trial.

ED. F. McFADDIN, Associate Justice (dissenting). In reversing the judgment in this case the Majority is holding that the Trial Judge commented on the evidence and thereby committed fatal error. There is no need to prolong this dissent by discussing the entire record. I have carefully read the record, and I do not attach such a meaning to the remarks made by the Trial Judge. I am familiar with the Constitutional provision that Judges are not to express opinions to the jury concerning the facts; and I

am sure that the Trial Judge was also familiar with the Constitution. It is one thing to explain a ruling, and quite another thing to comment on the weight of the evidence. I consider the remarks that the Court made as being explanatory and, therefore, I would affirm the judgment.